## GREENLY v. HOPKINS.

Appellant's abstract did not expressly state that the judgment appealed from had been entered or perfected by the filing of the judgment roll prior to the taking of the appeal. Respondent's additional abstract stated that no judgment had then been entered or judgment roll filed. The clerk's indorsement on the judgment itself showed that it was entered in the judgment book "April 6th, 1895," nearly four months after the appeal was taken. The clerk's certificate showed that at its date, five months subsequent to the appeal, no judgment roll had been filed in his office. *Held*, that the appeal should be dismissed.

(Syllabus by the Court. Opinion filed, Nov. 1, 1895.)

Appeal from circuit court, Hamlin county. Hon. J. O. ANDREWS, Judge.

Action by H. B. Greenly against John M. Hopkins. Judgment for defendant, and plaintiff appeals. Dismissed.

The facts are stated in the opinion.

*Bennett & Sheldon,* for appellant.

A summons issued out of a justice court must contain a sufficient statement of the cause of action in general terms to apprise the defendant of the nature of the claim against him. Sec. 6053 Comp. Laws; McPherson v. Bank, 10 N. W. 707; Berrick v. Muir, 23 Pac. 389; Behlow v. Shorb, 27 Pac. 546; 12 Am. and Eng. Ency. Law, 434; Jeffery v. Underwood, 1 Pike 108. By answering in justice court a defendant waives all objections to the summons and complaint. Wisconsin Justice, 160; Jewett v. Sundback, 58 N. W. 20; 5 S. D. 111; Berry v. Binga-

mon, 1 S. D. 525. On a change of venue the transcript need not show all the proceedings nor need all the papers be transferred. Stringer v. Jacobs, 50 Am. Dec. 221.

*John C. Jenkins,* for respondent.

To entitle a party to appeal from a judgment, it must have been entered in the judgment book and have been perfected by the filing of the judgment roll. *In re* Weber 59 N. W. 523; Brady v. Burke, 27 Pac. 52; Home v. Kaplan, 24 *Id.* 119; 1 Block Judg. 106; Hayne v. Neir, Tr. and App. 183; Bouck v. Raynor 61 Cal. 145; Knapp v. Roche, 82 N. Y. 366; Rockwood v. Davenport, 35 N. W. 377; Hunter v. Store, 18 *Id.* 645; Williams v. McGrade, 13 Minn. 46; Thompson v. Rickford, 19 Minn. 17. Where there is no statement of the case properly before the court and no specification of the grounds upon which the appellant intends to rely on appeal, the appellate court must affirm the judgment. Globe v. Boyum, 58 N. W. 339; Elliott App. Proc. 330; Bohnert v. Bohnert, 30 Pac. 590; Crawford v. Kansas City, 25 *Id.* 865; McPherson v. Manning, 23 *Id.* 109; Landauer v. Hoagland; 21 Pac. 645; 13 Am. and Eng. Enc. Law, 746; Clark v. Schnur, 19 *Id.* 327; Collins v. Seattle. 7 *Id.* 857; Flemming v. Albeck, *Id.* 659; Pico v. Cohn, *Id.* 680; Thompson v. Frederickson, 54 N. W. 468. The transcript of the justice on appeal must show every jurisdictional fact. Benedict v. Johnson, 4 S. D. 387; 57 N. W. 66; Ayers v. Sundback, 5 S. D. 31; 58 N. W. 4; Jewett v. Sundback, 5 S. D. 111; 58 N. W. 20.

KELLAM, J. This is an appeal from a judgment rendered by the circuit court of Brookings county. Respondent's motion to dismiss the appeal must be sustained. Appellant's abstract shows that the judgment was rendered and dated September 25, 1895, and sets out the same in full. The abstract then recites. "The foregoing judgment having been duly entered in said court on the 13th day of October, 1894, the plaintiff and appellant perfected an appeal," etc. The date may refer to the entry of judg-

ment, or it may refer to the taking of the appeal. The notice of appeal was served, if at all, on the day named, October 13, 1894. Respondent filed an additional abstract, which denies that such judgment was on that day, or before that time, entered in said court, or that it or any judgment in said action has ever yet been entered, or that any judgment roll has been filed therein. If the recital of appellant's abstract should be so read as to make the denials of respondent's additional abstract raise an issue of fact, we perhaps should be at liberty to go to the original papers for a settlement of such dispute, though in Iowa, from which state our rules as to the making and the effect of abstracts are taken, it is held that the counter statements of respondent's abstract will be taken as true unless denied by another abstract of appellant. See 2 Enc. Pl. & Prac. p. 317, and cases there collected. But, treating in this case the two abstracts as presenting an issue of fact to be settled by the original files, they do not show that the judgment appealed from was entered prior to the taking of the appeal. The judgment itself shows by the certificate of the clerk indorsed thereon that it was filed in his office October 10, 1894, and recorded in Judgment Book B April 6, 1895. As the judgment book is provided by statute for the entry of judgments, we conclude that the meaning of this certificate is that the judgment was entered in such judgment book on the 6th day of April, 1895, more than four months after the appeal was taken. The certificate of the clerk further affirmatively shows that at a date five months subsequent to the taking of the appeal no judgment roll had been filed in the clerk's office. Section 5216 of the Compiled Laws provides that an appeal from a judgment "must be taken within two years after the judgment shall be perfected by filing the judgment roll." Sections 5101–5103 provide very particularly for the entry of the judgment in the judgment book, and for making up and filing the judgment roll and section 5216, *supra*, seems to allow an appeal to be taken only after the judgment roll is filed. In the face of these di-

rect statutory provisions and the facts presented by the record, we do not see how we can entertain this appeal. The appeal is dismissed without prejudice. All concur.