## STATE *ex rel.* MORGAN v. LAMM.

Under Comp. Laws, §§ 5215, 5236, no appeal lies until the judgment or order has been "entered" as a permanent record of the court below.

(Opinion filed Dec. 23, 1896.)

Appeal from circuit court, Codington county.　Hon. J. O. ANDREWS, Judge.

Action by the state, on the relation of H. C. Morgan, against Edward Lamm, under the provisions of the prohibitory liquor law.　From a refusal to dissolve an injunction granted on the prayer of plaintiff, defendant appeals.　Appeal dismissed.

The facts are stated in the opinion.

*C. X. Seward* and *C. G. Sherwood*, for appellant.

*Julian Bennett* and *Horner & Stewart*, for respondent.

The appellate jurisdiction of this court will not be presumed, but must affirmatively appear from the record. Valley L. & I. Co. v. Schone, 2 S. D. 344; Bank v. Elevator Co., Id. 356. An assignment of error should be so specific and explicit that the court can at once see how, when and where the error arose and whether it is well or ill taken. State v. Chapman, 1 S. D., 414-425. The entry of record of the order from which the appeal is attempted to be taken, is a condition precedent to the prosecution of the appeal. Comp. Laws, § 5236.

CORSON, P. J.   This is an appeal from an order refusing to dissolve an injunction granted under the provisions of Sec. 13, Chap. 101, Laws 1890, known as the "Prohibitory Liquor Law." A motion to dismiss the appeal was made by the respondent, when the case was called for argument, on the ground that the order from which the appeal was attempted to be taken had never been entered in the trial court, and the respondent contends that, until so entered, no appeal lies from it to this court. The decision on the motion was reserved, and the case was heard upon the merits. It will therefore be necessary to first dispose of this preliminary motion to dismiss the appeal.

Section 5215, Comp. Laws, provides that "an appeal must be taken by serving a notice in writing, * * * and on the clerk of the court in which the judgment or order appealed from is entered;" and by the last clause of Subdivision 5 of Sec. 5236 it is provided:   "For the purposes of an appeal from an order, either party may require the order to be entered by the clerk of record, and it shall be entered accordingly." The learned counsel for the appellant contends that the term "enter of record" means that it shall be filed by the clerk, and placed among the papers on file in the case. There is, however, a marked distinction between entering a paper of record and filing the same. Mr. Anderson, in his Law Dictionary, gives, as

one of the definitions of "entry:"   "Recording in due form and order a thing done in court."   In the same work "file" is defined as receiving a paper into custody, and giving it a place among other papers.   Bouvier gives substantially the same definitions of the two terms as does Webster also.   The terms "entered" and "filed" frequently occur in the statute, but they are never used as synonymous terms.   In Locke v. Hubbard (recently decided) 69 N. W. 588, this court held that, to constitute a judgment, it must be entered in the judgment book, thereby giving it permanent form as a record of the court.   As the statute uses the same term as to orders, we are of the opinion that the term "entry" should receive the same construction; and, until entered as a permanent record of the court, no appeal from the order can legally be taken.   The evident object of the lawmaking power was to have the order from which an appeal is to be taken entered of record in the trial court before an appeal could be taken therefrom.   The reasons for the requirement it is unnecessary to stop to discuss at this time.   It is sufficient that the legislature has required the order to be so entered before an appeal can legally be taken.   The fact that the order from which the appeal is attempted to be taken in this case has never been entered, as required, affirmatively appears from respondent's additional abstract, and is not denied by the appellant.   The appeal must therefore be dismissed, and it is so ordered.