## CHAMBERLAIN V. HEDGER *et al.*

1. Where it appears, on hearing of an order to show cause why the attorney applying for the order should not be substituted as attorney for respondents, and the appeal be dismissed, that such attorney is entitled to be substituted, and had the right to appear for respondents when the order was granted, his motion to dismiss will be considered as properly made.

2. The supreme court has no jurisdiction of an appeal from an order denying a new trial, where no judgment has been properly entered in the judgment book, and the order attempted to be appealed from has not been entered in the records of the trial court.

3. Nor can jurisdiction in such case be conferred by stipulation of the parties.

(Opinion filed Nov. 19, 1897.)

Appeal from circuit court, Brown county. Hon. A. W. CAMPBELL, Judge.

Action by John Chamberlain against Frank C. Hedger and others, as members of the board of canvassers of election returns, and Frank C. Hedger, as auditor of Brown county. From an order denying plaintiff's motion for a new trial, he appeals. Appeal dismissed.

The facts are stated in the opinion.

*S. H. Cranmer*, for appellant.

*J. H. Hauser*, for respondents.

CORSON, P. J. This case comes before us upon an order to show cause why J. H. Hauser, Esq., should not be substituted in place of George W. Jenkins, as attorney for the respondents, and the appeal dismissed. The facts disclosed by

the affidavits and papers upon which the order to show cause was issued, briefly stated, are that George W. Jenkins appeared for the respondents on the trial of the case in the court below, and continued as their attorney of record until July 22, 1897, when he formally withdrew as such attorney. In June, 1897, being about to leave the state, he turned over the papers in the case to J. H. Hauser, and requested him to act as attorney for respondents, which said Hauser consented to do, though no formal substitution was made. Mr. Hauser, very soon after the papers came into his hands, made inquiry of the clerk of this court, and was informed that no record or other papers had been filed in that office; and thereafter, upon request of Mr. Cranmer, the attorney for appellant, he refused to make any stipulation in the case. On July 8, 1897, Mr. Cranmer filed in the office of the clerk of the circuit court of Brown county the papers in the case, and requested the clerk to certify them up to this court. On July 10th Mr. Cranmer filed the papers in the office of the clerk of this court, and presented to the court the following stipulation, signed by himself and Albert Gunderson, an attorney of this court: "It is hereby stipulated and agreed by and between the parties to this action that the said cause be placed on the calendar of the present term of said court; that all objections to the time, manner, and form of the taking and perfecting said appeal, and all irregularities connected therewith, are hereby waived; and that said cause be heard by said court and submitted on the 10th day of July, 1897. Dated this 22d day of June, 1897." Thereupon the case was entered upon the April term calendar of this court, and submitted on briefs. No oral arguments were made, and the attention of this court was not called to the record in this case. On July 22d, Mr. Jenkins notified the respondents that he withdrew as attorney in the case, and thereupon three of the respondents (Hedger, Alley and Wood) formally retained the said Hauser, in writing, as attorney for the respondents, in place of said Jenkins. The fact that Mr. Jenkins left the papers in the case with Mr.

Hauser in June, and that he was acting as attorney for re-
spondents thereafter, was known to one of respondents, Mr.
Alley, who was one of the board of canvassers; but whether
known to the other respondents does not appear.    On July
27th Mr. Hauser applied to this court for the order to show
cause we are now considering, which was granted.    In opposi-
tion to the order, and as cause why the relief asked should not
be granted, Mr. Cranmer, on behalf of the appellant, presented
the affidavit of Mr. Boardman, one of the four respondents, in
which he states that after Mr. Jenkins left the state he re-
tained Mr. Albert Gunderson for himself and co-defendants,
and authorized him to waive all defects and irregularities, but
he does not state that he had any authority from his co-defend-
ants to so retain Mr. Gunderson for them.    Mr. Cranmer also
presented his own affidavit, in which he states that he was in-
formed by Mr. Boardman that Mr. Gunderson had been re-
tained, and that he thereupon entered into the stipulation
above given with him.    Mr. Cranmer, in his affidavit, also sets.
out at some length what he claims to have been verbal stipu-
lations between himself and Mr. Jenkins; but as they were not
reduced to writing, nor entered upon the records of the court,
they are not binding upon respondents, and cannot be consid-
ered by this court.    Comp. Laws, § 467, Subd. 2.    It is clear
from the foregoing statement that Mr. Gunderson had no au-
thority in fact to appear for three of the respondents.    It is
also clear that Mr. Hauser is entitled to be substituted in place
of Mr. Jenkins as the attorney for the three respondents above
named; and as he had the right to so appear for them, under
his retainer from them, at the time the order to show cause
was granted, we shall consider his motion to dismiss as prop-
erly made.    In support of that motion he presents the affidavit
of B. F. Harry,  the deputy clerk of the circuit court of Brown
county, in which he says "that prior to July 8, 1897, no papers,
files, or records or entries were made in this office in the above-
entitled cause; that on the said 8th day of July, 1897, S. H.

Cranmer, attorney for the plaintiff in the above-entitled action, brought in some twenty-one papers in the above cause, and asked to have them certified to the supreme court of the state of South Dakota; that no record was made of any of said papers in said office, except that on that day, to-wit, the 8th day of July, 1897, the title of the cause was placed in the register of actions, and a minute made in said book that these papers had been filed, and that thereupon these papers were delivered to S. H. Cranmer, to be forwarded to the supreme court of the state of South Dakota; that no entry of judgment has ever been made in the judgment book; that no papers have been recorded in the above entitled cause in said office, and no other record has been made in said office of said action than that above described." The statements in this affidavit are not controverted. It therefore affirmatively appears that neither the purported judgment nor the order denying the motion for a new trial was entered in the records of the circuit court of Brown county at the time the appeal was taken, in July, 1896, or at any time prior to July 21, 1897, when Mr. Harry's affidavit was made. Until there is a judgment properly entered in the judgment book, and the order attempted to be appealed from is properly entered in the records of the trial court, no appeal can be taken therefrom to this court. Greenly v. Hopkins, 7 S. D. 561, 64 N. W. 1128; Locke v. Hubbard, 9 S. D. 364, 69 N. W. 588; State v. Lamm, 9 S. D. 418, 69 N. W. 592. The appeal must therefore be dismissed as to all the respondents, notwithstanding that Mr. Gunderson was retained by Mr. Boardman, and conceding he had authority to sign the stipulation for him, for the reason that the stipulation could not confer jurisdiction upon this court of the appeal. "Consent may waive error, but it cannot confer jurisdiction" as to the subject-matter. Goldstreet v. Newton, 2 Dak. 39, 3 N. W. 311; Bonds v. Hickman, 29 Cal. 461; 2 Enc. Pl. & Prac. p. 61; Molandin v. Railroad Co., 3 Colo. 173; Mills v. Brown, 16 Pet. 525; Sampson v. Welsh, 24 How. 207.

An order will be entered substituting J. H. Hauser as attorney of record in this case for respondents, Hedger, Alley and Wood, in place of George W. Jenkins, former attorney of record.    The order of July 10, 1897, submitting the case to this court, is vacated and set aside, and the appeal is dismissed.