## MINNEAPOLIS THRESHING MACHINE CO. v. SKAU.

1. Where an order denying a new trial was not entered below, an appeal therefrom taken in the same notice with that from the judgment will not be dismissed, there being no separate judgment roll; but the court will disregard the motion for new trial, and, unless a proper motion to direct a verdict was made, will refuse to review the evidence.

2. Under Comp. Laws, § 6132. providing that, on appeal from a justice court merely, the notice shall be transmitted to the appellate court, where the record does not affirmatively show due service, the presumption is that there was none, and the burden to prove that fact is on appellant in case objection is made.

3. A mortgage of the earnings of a threshing machine in which the ma-chine is described as that owned and possessed by the mortgagor, with-out giving its number or name of maker, or stating the place where, or the persons against whom, the earnings were to accrue, is insufficient to bind one who pays to the mortgagor a sum due for threshing after actual notice of the claim by the mortgagee; and, in an action by the mortgagee to recover of such person, the mortgage is inadmissible.

(Opinion filed May 17, 1898.)

Appeal from county court, Minnehaha county. Hon. W. A. WILKES, Judge.

Action to recover a threshing bill. Defendant had judg-ment in justice court. Plaintiff appealed to the county court and recovered judgment against defendant, who appeals. Re-versed.

*L. P. Bayard* and *A. B. Kittredge*, for appellant.

The notice of appeal from justice's court not having been served upon either the appellant or his attorney, the county court was without jurisdiction.

Rudolph v. Hermann, 2 S. D. 399, 50 N. W. 833; Edminster v. Rathbun, 3 S. D. 129, 52 N. W. 263; Corker v. Superior Court, 58 Calif. 178.

*Joe Kirby* and *C. A. Christopherson*, for respondent.

The record failing to disclose that the notice of appeal was not served, the court will not presume it. Peart v. Railroad, 8 S. D. 634, 67 N. W. 837. Proof of service of notice of appeal from justice's court, would be no part of the judgment roll. § 5103, Comp. Laws; Garr *et al.* v. Spalding, (N. D.) 51 N. W. 876.

CORSON, P. J. Action to recover amount due for threshing, commenced in a justice's court. A judgment was rendered in that court in favor of the defendant. The plaintiff appealed to the county court, and judgment in that court was entered for the plaintiff. From this judgment, the defendant appealed to to this court. A motion was made in this court to dismiss the appeal; (1) Because the abstract does not comply with rules of court, in that the different acts set forth do not appear in chronological order; (2) because the order denying appellant's motion for a new trial has never been entered in the records of the trial court, and the respondent claims the appeal from this order should be dismissed; (3) because no notice of appeal and undertaking on appeal have ever been served or filed as required by law. This motion was taken under advisement, to be determined when the case was reached on its merits.

The first ground is without merit, as we discover no such defect in the abstract as claimed by the respondent.

It affirmatively appears from the respondent's additional abstract that the order denying the motion for a new trial was never entered. The appeal from the order denying a new trial

after judgment, in order to be appealable, should have been duly entered. But the only effect of such a failure to enter when the appeal from the order is taken in the same notice with the appeal from the judgment is that this court will disregard the motion for a new trial, and refuse to review the evidence. The appeal cannot be dismissed, as there is no separate judgment roll, and the dismissal of the appeal from the order denying a new trial would subserve no beneficial purpose. In such case, if there is a proper motion to direct a verdict, the evidence will be reviewed in determining the correctness of the court upon that motion. An examination of the notice of appeal and undertaking on appeal discloses the fact that they were duly served. The motion to dismiss the appeal is denied.

After a jury was impaneled in the county court, the defendant (appellant here) "objected to any further proceedings in this case, for the reason that the court has no jurisdiction." The objection was overruled, and appellant assigns this ruling as error. It is contended in this court that the ground was that it did not affirmatively appear that the notice of appeal from the judgment in the justice's court had been served upon the attorney for the adverse party. There is no admission of service upon the notice of appeal filed with the justice, nor any affidavit showing service thereof. The jurisdiction of the appellate court does not, however, depend upon the question whether or not the record sent up by the justice affirmatively shows that all the steps necessary have been taken, but upon the fact that these steps have been taken. As to the manner the appellate court is to be advised that the notice of appeal has been duly served upon the adverse party, the statute is silent. Sec. 6132, Comp. Laws, provides that "the notice of appeal and the undertaking filed" shall be transmitted to the appellate court, but no mention is made of the proof of service of the notice of appeal. No proof of service appearing in the record, what presumption arises, and upon whom rests the burden of proof when such an objection is made? We are of the

opinion that the *prima facie* presumption is that the notice has not been served, and that the burden of showing such service has been made rests upon the appellant, and that the respondent cannot be called upon to show that he has not been served until some evidence has been introduced tending to prove due service of the notice.  This is so for the reason that the service of a notice of appeal upon the adverse party is indispensable in order to confer jurisdiction upon the appellate court.  A general appearance will not confer jurisdiction upon the appellate court over the subject-matter.  Goldstreet v. Newton, 2 Dak. 39, 3 N. W. 311.  When, therefore, the objection was taken to the jurisdiction of the court, and there was no proof in the record that the notice of appeal had been served, and no offer to make such proof, we are of the opinion that the court should have dismissed the appeal.  There was no offer, so far as the record discloses, to make this proof on the part of the appellant.  We are of the opinion, therefore, that the appeal should have been dismissed.

But, as that proof may be supplied on another trial, we proceed to discuss the other questions that must necessarily arise on such trial.  The respondent relied upon a chattel mortgage to sustain its right to recover, by which the earnings of a certain threshing rig was attempted to be mortgaged. The appellant was indebted to the owner of the rig in the sum of $62.96, for threshing, and paid the amount to such owner after actual notice that plaintiff claimed the money due for the threshing.  This so-called "mortgage" was recorded in Minnehaha county.  This instrument was made by Parker and Nelson, of "Hartford," party of the first part, and the plaintiff, as party of the second part.  The material stipulations in the instrument read as follows:  "Witnesseth:  That the said party of the first part, for and in consideration of an extension of time granted them by the said party of the second part upon three certain promissory notes, $2,402.70, executed and delivered to them by the said party of the first part, do hereby

acknowledge full satisfaction of warranty on the engine and thresher for which the above-mentioned note was given, and further acknowledges that there is now owing and unpaid on said certain promissory note, made, executed and delivered by ———, the said party of the first part, unto the said party of the second part, in payment for the engine and thresher above mentioned, the sum of $—— and interest, in accordance with the provisions of said note:   Now, therefore, for the purpose of better securing the payment of said confessed indebtedness and interest thereon, and in addition to such other securities as may have been heretofore given, the said part— of the first part do hereby grant, bargain, sell, and mortgage unto the said party of the second part all and singular the earnings of the aforesaid threshing rig, which said threshing rig is now owned by and in the possession of the said first part—, and do hereby agree to run the said threshing rig faithfully and economically from the beginning to the close of each threshing season during the continuance of this agreement." Its introduction was objected to, and the appellant stated his objection as follows: "The defendant objects to the introduction and receipt in evidence of such chattel mortgage, for the reason that it is incompetent, irrelevent, and immaterial, and not within the issues of the case, not binding upon the defendant, and is not such an instrument as is entitled to be filed, and in no way binding upon the defendant; and, further, that the instrument offered does not describe any property within the county of Minnehaha, and is indefinite and uncertain in description." We are of the opinion that the objection was well taken.   The threshing-machine rig is in no manner described in the so-called "mortgage" either by number or name of maker.   The term "said threshing-machine rig" is frequently mentioned in the instrument, but what "rig" is referred to nowhere appears therein, except as "a rig in possession of Parker and Nelson."

There is no suggestion in any part of the instrument as to the county or state in which the accounts were to be earned,

nor of the persons or class of persons against whom they might accrue. The instrument is much more vague and uncertain than a similar instrument held insufficient by the supreme court of Iowa, in Manufacturing Co. v. Robinson, 49 N. W. 1031. In that case the description in the instrument was: "One J. I. Case Threshing Machine Co's. separator, No. 10,921, with trucks, etc., and twelve horse power, complete, with all the belts and tools owned by Menzie and Novell, accounts which we shall earn or shall become due us by the work of the above machine from now until this debt is paid in full." Here, it will be observed, the machine is mortgaged, and its number and the name of the maker are definitely stated, and all the accounts that may become due by the working of said machine are specified. In that case the court says: "The description given specifies the machine with which the accounts are to be earned and the time during which they were to be earned, but there is no suggestion as to the county and state in which they were to be earned, nor of the persons against whom they may accrue, and no certainty as to the persons who shall earn them by operating the machine." For these reasons, the instrument was held insufficient, and the judgment of the court below was reversed. In Sykes v. Hannawalt, 65 N. W. 682, the supreme court of North Dakota, in passing upon an instrument substantially, if not identically, the same as the one in the case at bar, says: "It was perhaps void also by reason of the uncertainty in the description, but that point is not raised. In holding that it was competent for the owner and operator of a threshing-machine to mortgage the future earnings of such machine, we must not be understood as intending to hold that the accounts due from the farmers to the person operating the machine necessarily represent such earnings. Such accounts usually, in this state, represent not only the earnings of the machine; but also the earnings of a large number of men and teams used in conducting the business of threshing. A description such as we find in the instrument in this case, to wit 'all and singular

the earnings of the aforesaid threshing rig,' would not cover the earnings of the men and teams." It will be observed that that learned court intimated quite strongly that the instrument would have been held void for uncertainty had that point been raised. It will be further observed that the court in that case held that, under such an instrument, all the earnings of the machine, including the earnings of the men and teams employed, could not be considered as mortgaged. The trial court therefore erred in admitting the so-called "chattel mortgage" in evidence, and for this error a reversal would be necessary were the case not reversed on other grounds. Errors of law will be considered without a motion for a new trial. The judgment of the court below is reversed.