## MARTIN *et al.* v. SMITH, Sheriff, *et al.*

1. Appeal does not lie from an order or judgment till it is actually entered; and there is no authority for directing entry thereof *nunc pro tunc*, after the appeal is taken, to render the appeal effectual, under Comp. Laws, § 5235.

2. Under Comp. Laws, § 5216, providing that appeal must be taken "within two years after the judgment shall be perfected, by filing the judgment roll," appeal cannot be taken from judgment before such filing.

(Opinion filed April 4, 1899.)

Appeal from circuit court, Miner county. Hon. FRANK B. SMITH, Judge.

Action by L. J. Martin and another against Hugh Smith, sheriff of Miner county, and others. From a judgment for plaintiffs, and an order denying a new trial, defendants appeal. Motion to dismiss appeal. Dismissed.

The facts are stated in the opinion.

*Henry C. Hinckley*, for appellants.

*A. E. Chamberlain* and *L. J. Martin,* for respondents.

HANEY, J.   In this action plaintiffs seek to recover possession of certain personal property taken from them by the sheriff, under a writ of attachment against the property of one Michael Keller.   At the close of all the testimony, the court directed a verdict in favor of plaintiffs.   Defendants attempted to appeal from the judgment and order denying a new trial. The appeal was taken June 28, 1897.   At that time the order denying defendant's motion for a new trial had not been entered, nor had the papers constituting the judgment roll been attached together and filed in the clerk's office.   On September 15, 1897, the circuit court made an order directing the clerk to enter the order denying a new trial, and to make up and file the judgment roll, as of May 24, 1897.

This court has frequently held that no appeal lies until the judgment or order has been entered as a permanent record of the court below.   State v. Lamm, 9 S. D. 418, 69 N. W. 592; Chamberlain v. Hedger, 10 S. D. 290, 73 N. W. 75; Coburn v. Board, 10 S. D. 552, 74 N. W. 1026; Sinkling v. Railroad Co., 10 S. D. 560, 74 N. W. 1029; Machine Co. v. Skau, 10 S. D. 636, 75 N. W. 199; Smith v. Hawley, 11 S D. 399, 78 N. W. 355. This rule prevails in all the states having statutes on the subject of appeals similar to those in this state.   2 Enc. Pl. & Prac. 248.   The rights of the parties in respect to an appeal are determined by the date of the actual entry of the judgment or order, and they cannot be affected by the entry of the judgment or order *nunc pro tunc* as of a prior date.   Coon v. Lodge, 76 Cal. 354, 18 Pac. 384; Board v. Pabst, 64 Wis. 244, 25 N. W. 11; Rubber Co. v. Goodyear, 6 Wall. 153.   This rule is not

modified by Comp. Laws, § 5235. The acts which the trial court, or this court, may permit to be done, under this section, where a party has in good faith given notice of appeal, are such acts as are necessary to perfect the appeal or make it effectual. An appeal is taken by the service of the notice of appeal, and perfected by service of the undertaking for costs, or the deposit of money instead, or the waiver thereof, as prescribed in the statute. It is rendered effectual by the execution of an undertaking. Comp. Laws, §§ 5215, 5219. It is clear that Section 5235 does not authorize this or the lower court to direct the entry of a judgment or order *nunc pro tunc*, after an appeal has been taken, for the purpose of making such appeal effectual. The order, made after judgment, denying defendant's motion for a new trial, was not appealable until it was actually entered; therefore it was not appealable when the appeal in this action was taken.

Defendant's amended abstract shows that the judgment was not perfected by filing the judgment roll when the appeal from the judgment was taken, and plaintiffs contend it was premature, and should be dismissed. What has been said regarding the *nunc pro tunc* order applies to this branch of the case. If an appeal from a judgment cannot be taken before the judgment is perfected by filing the judgment roll, such an appeal will not lie until the judgment is actually perfected, under the authorities heretofore cited. Comp. Laws, § 5216, reads as follows: "The appeal to the supreme court must be taken within sixty days after written notice of the order shall have been given to the party appealing; every other appeal allowed must be taken within two years after the judgment shall be perfected, by filing the judgment roll." This

language is plain; its meaning unmistakable. As to judgments, it provides a period of two years in which the appeal must be taken. One taken before this period begins is premature; one taken after it expires comes too late. Such period begins when the judgment is perfected by filing the judgment roll; it expires in two years after the date of such filing. The filing of the judgment roll presupposes a previous entry of the judgment and the attaching together of the papers constituting the roll. Comp. Laws, § 5103. Construing all the statutes together, relating to the subject of appeals, the conclusion is inevitable that the entry of the judgment and filing of the judgment roll are conditions precedent to the commencement of the period in which an appeal from the judgment can be taken. Such are the plain provisions of the statute. These requirements are reasonable and necessary. There is no judgment until the determination of the action is entered of record, and there is no record which can be transmitted to this court for review until the judgment roll is made up and filed with the clerk. It is the duty of attorneys to see that these essential acts are done, whether an appeal is to be taken or not; and, when the law is thoroughly understood, no hardships will be involved in the observance of its provisions. The appeal is dismissed.