## HUGHES V. STEARNS *et al.*

1. That an appeal was taken before entry of record of an order denying a motion for a new trial is not a sufficient ground for dismissal.

2. Where an appeal is taken prior to the perfection of the judgment by filing the judgment roll in the circuit court clerk's office, it will be dismissed, since the filing of the judgment roll is a condition precedent.

(Opinion filed November 21, 1900.)

Appeal from circuit court, Potter county. Hon. LORING E. GAFFY, Judge.

Action by John F. Hughes against Royal B. Stearns and another. From a judgment in favor of plaintiff, defendants appeal. Appeal dismissed.

*John A. Holmes*, for appellants.

*John F. Hughes* and *Albert Gunderson,* for respondent.

CORSON, J. This is an attempted appeal by the defendants from the judgment and an order denying a new trial. Upon the hearing a motion was made by the respondent to dismiss the appeal upon the grounds—First, that at the time of the taking of the purported appeal no judgment had been perfected in the action by the filing in the office of the clerk of the circuit court of a judgment roll; and, second that the order denying defendants' motion for a new trial was not entered of record at the time the appeal was taken.

The second ground would not be a sufficient ground for the dismissal of the appeal, but, if sustained, would preclude the court from considering the evidence in the case. Martin v. Smith, 11 S D. 437, 78 N. W. 1001; State v. Lamm, 9 S. D. 418, 69 N. W. 592; Bank v. Oliver, 11 S. D. 444, 78 N. W. 1002; Neeley v. Roberts, 78 N. W. 634, 80 N. W. 130.

The first ground of the motion, however, if sustained by the record, would necessitate the dismissal of the appeal. It appears from the respondent's additional abstract—and it is not denied by the appellants in any additional or amended abstract —that no judgment roll was in fact made up and filed, and that the order denying the motion for a new trial had not been entered, at the time the appeal was taken. In Martin v. Smith,

*supra*, this court held that "the entry of •the judgment and filing of the judgment roll are conditions precedent to the commencement of the period in which the appeal can be taken," and that there is no judgment until the determination of the action is entered of record, and there is no record which can be transmitted to this court for review until the judgment roll is made up and filed with the clerk"; and, it affirmatively appearing from the record in that case that no judgment roll had been made up and filed at the time the appeal was attempted to be taken, the appeal was dismissed. The case at bar comes clearly within the rule laid down in that case, and must be ruled by the decision made therein. The motion of respondent to dismiss the appeal is granted, and the appeal is dismissed.