DYEA ELECTRIC LIGHT CO. v. EASTON, *et al.*

1. Where a motion is made to dismiss an appeal on the ground that the judgment and order denying a new trial were not entered before the appeal was taken, the appellant must show affirmatively that the same was done.

2. An affidavit by the clerk of the trial court stating that some time prior to a date subsequent to the date on which an appeal was perfected

all the pleadings and papers on file in the cause were placed together in an envelope, on which the title of the cause was indorsed, does not show that the judgment roll was made up and filed before the appeal was perfected, as provided by Comp. Laws, § 5103.

3. An appeal cannot be taken from a judgment until it has been perfected by the filing of the judgment roll, as required by Comp. Laws, § 5216.

4. A motion to dismiss an appeal from an order denying a new trial on the ground that the order was not entered before the appeal was taken must be denied where the appellant has furnished the appellate court with a certificate of the clerk of the trial court showing that the order was duly entered and recorded on the records of that court before the appeal was taken.

5. Where an appeal is taken from a judgment, and an order denying a new trial, the appeal will not be dismissed when the same is properly taken from either the judgment or the order.

(Opinion filed May 4, 1901.)

Appeal from circuit court, Edmunds County. HON. LORING E. GAFFY, Judge.

Action by the Dyea Electric Light Company against Mrs. E .A. Easton and others to quiet title to certain realty. From a judgment for defendants, plaintiff appeals. Motion to dismiss appeal. Denied.

*S. H. Cranmer,* for appellant.

*C .H. Barron, Albert Gunderson and Bertin Gamble,* for respondents.

CORSON, J.   This is an action by the plaintiff to quiet its title to a certain town lot in the town of Bowdle, Edmunds county. The defendants, in their answer, denied plaintiff's title to the premises, and set up title in themselves. Judgment was directed in favor of the defendants, and the plaintiff has appealed. The appeal purports to be taken from the judgment and order denying a new trial.

The respondents in their amended and additional abstract, af-

firmatively assert and allege as follows: "(3) That the order overruling appellant's motion for a new trial was not entered in the office of the clerk of the circuit court before the attempted appeal herein was taken, or at all; (4) that the judgment herein was not entered in the office of the clerk of the circuit court before the attempted appeal herein was taken, as required by law, or at all; (5) that no judgment roll was made up and filed in the office of the clerk of the circuit court of said Edmunds county before the attempted appeal herein was taken, or at all; (6) that no bill of exceptions had been filed or entered of record in this action at or before the notice and undertaking on appeal were served or filed, or at all." Upon this amended abstract defendants have moved this court to dismiss the appeal herein upon the grounds: (1) That the order overruling plaintiff's motion for a new trial was not entered in the records of the court before the attempted appeal herein was taken or at any time; (2) that the judgment was not entered before the attempted appeal was taken; (3) that no judgment roll was made up, filed, and entered of record before the attempted appeal herein was taken. It is contended on the part of the appellant: (1) That it does not affirmatively appear that the order overruling appellant's motion for a new trial was not entered before the attempted appeal was taken; (2) that it does not affirmatively appear that the judgment was not entered before the attempted appeal was taken; (3) that the judgment roll, in contemplation of law, was made up and filed in the office of the clerk before the appeal was taken.

Under the affirmative allegations of the respondents' amended abstract it devolved upon the appellant to affirmatively show by the record or otherwise that the order denying the motion for a new trial and the judgment had been entered, and that the judgment roll had been made up and filed, prior to the taking of the appeal. Each party

introduced an affidavit of the clerk of the circuit court. In the affidavit on the part of the respondents the clerk states that no judgment roll was, at or prior to that time, made up or filed in said clerk's office. It only appears from that affidavit that among the papers on file in that office were the verdict, judgment, order denying motion for new trial, notice of appeal, etc. This affidavit bears date the 18th day of June, 1900. The appeal to this court was perfected the 19th day of April, 1900. The appellant presented to this court an affidavit of the same clerk, subscribed and sworn to on the 13th day of November, 1900, in which he states that he has examined the files and records of his office; that some time prior to the 18th day of June, 1900, all the pleadings and papers on file in his said office were by him placed together in one package in an envelope or file cover, which file cover was bound together with rubber bands, and there was indorsed thereon the title of said cause, and said papers so inclosed in said file cover were filed away by him and kept together in his said office. It will be observed that the clerk does not state that the summons, pleadings, etc., were by him attached together prior to the time said appeal was perfected on April 19, 1900, and filed, as provided by Section 5103, Comp. Laws, but that at some time prior to the 18th day of June, 1900, they were placed together in an envelope. This affidavit of the clerk, therefore, does not show that a judgment roll was made up and filed as prescribed by the statute.

The motion to dismiss is made upon the further ground that the judgment was not entered at the time the attempted appeal was taken. It does not affirmatively appear from the records in this court or the affidavits of the clerk that the judgment was so entered prior to the perfecting of the appeal. In the original record in this court there appears upon the order for judgment, purporting to be signed

by the judge of the Sixth circuit, the following indorsement: "Recorded on pages 270-71, Vol. B, of Judgment Records." It contains no date nor signature. It will thus be seen that the record in this court does not affirmatively show that the judgment was entered prior to the perfecting of the appeal. Under the affirmative allegation, therefore, in the amended abstract, the duty was imposed upon the appellant to show affirmatively that the judgment was so entered prior to the taking of the appeal. This it has failed to do.

It is further contended that the judgment roll in this case was not made up and filed prior to the taking of the appeal. There is nothing appearing in the record, as filed in this court, showing that any judgment roll was ever made up and filed in the manner prescribed by the statute; neither does it appear from the affidavits of the clerk, as we have seen, that any judgment roll was made up and filed prior to the taking of the appeal. The necessity of such a judgment roll before an appeal can be taken is so fully discussed by this court in Martin v. Smith, 11 S. D. 437, 78 N. W. 1001, that a further discussion seems unnecessary. In that case this court held that under Comp. Laws, § 5216, providing that an appeal must be taken within two years after the judgment shall be perfected by filing the judgment roll, an appeal cannot be taken from a judgment before such filing.

The motion to dismiss made upon the ground that the order overruling appellant's motion for a new trial was not entered before the attempted appeal herein was taken must be denied, as the appellant has furnished this court a certificate of the clerk of the circuit court of Edmunds county showing that said order was duly entered and recorded on the records of said court on the 27th day of March, 1900. The appellant, therefore, makes it affirmatively appear that the order was entered before the appeal was taken. The

fact properly should have appeared upon the records in this court, as the clerk indorsed upon the original order the fact that the same was filed on March 17, 1900, and signed the indorsement with his name, and below the file mark and signature appears the following: "Entered on pages 34 and 35, Vol. 2, of Journal Records." But to this last no date nor signature appears. Had the clerk properly performed his duty, he would have given the date of the entry upon the journal, and signed the same officially. The motion, therefore, to dismiss the appeal, must be denied, and the order denying a new trial will be reviewed by this court. Where an appeal is taken from the judgment and from the order denying a new trial, the appeal will not be dismissed where the same is properly taken from either the judgment or the order. As the respondents have filed no brief upon the merits, they are given thirty days in which to file the same.

FULLER, P. J., taking no part in the decision.