## STEPHENS v. FAUS.

Where, in a suit for specific performance of a contract for the sale of land,, which consisted of letters and telegrams passing between the parties, a proper foundation was laid for the introduction of copies, copies of such letters and telegrams as related to such contract were properly received in evidence.

Where, in a suit for specific performance, defendant admitted in his answer that he owned the land described in the complaint, the admission of plaintiff's evidence that he found from the records that defendant owned land in the county where the land in controversy was situated was harmless.

Where a deed sought to be introduced in evidence by plaintiff was in defendant's possession and defendant failed to produce the same on notice, plaintiff could give oral evidence of its contents.

Assignments that the court erred in rendering its decision in favor of plaintiff and against defendant, in refusing to sign the findings of fact presented by the defendant, instead of those presented by the plaintiff, and signed by the court, and in refusing to sign the conclusions of law presented for signature by the defendant, were fatally

defective for failure to specify any particular errors occurring at the trial.

An assignment that the court erred in deciding that the evidence warranted a decision in favor of plaintiff, and in deciding that the minds of the parties met so as to form a contract, was fatally defective for failure to specify wherein the evidence was insufficient.

Where a motion for a new trial is made after judgment, an assignment that the decision of the court was not sustained by the evidence in certain specified particulars can be reviewed only on appeal from such order.

Rev. Code Civ. Proc. §§ 316, 317, provide that an order shall become complete and effective when made in writing, signed by the court or judge, attested by the clerk and filed in his office, and section 318 makes it the duty of the clerk immediately after the filing of the order to attest and record the same in the judgment book. **Held,** that an order does not become complete or effective for any purpose until signed, attested, and filed.

An appeal from an order denying a motion for a new trial, taken before such order had been attested, was ineffective.

(Opinion filed, Feb. 14, 1906.)

Appeal from Circuit Court, Hughes County. Hon. LORING E. GAFFY, Judge.

Action by Louis L. Stephens against Oliver H. P. Faus. From a judgment for plaintiff, defendant appeals. Affirmed.

*W. E. Keeley* and *John Sutherland,* for appellant. *Horner & Stewart* and *Louis L. Stephens,* for respondent.

HANEY, J. This is an action to compel the specific performance of a contract relating to real property. It is alleged in the complaint that the defendant was the owner of a certain described tract of land in Hughes county; that the plaintiff and defendant entered into a contract whereby the defendant agreed to convey the land by warranty deed, free from all incumbrances, to the plaintiff, and the plaintiff agreed to pay therefor the sum of $500; that the defendant, though requested, has failed and refused to convey; and that the plaintiff is still ready and willing to pay for the property. The answer admits that the defendant owns the land, and that he has not delivered or offered to deliver a deed, and denies all the other allegations of the complaint. The decision of the learned circuit court was in favor of the plaintiff, defendant's motion for a new trial was denied, and this appeal taken.

Appellant's assignments of error are substantially as follows: "(1) The court erred in overruling defendant's objections to the introduction of Exhibit B. (2) In overruling defendant's objections to the introduction in evidence of the following exhibits: Exhibit C, Exhibits D and E, Exhibit F, Exhibit G, Exhibit H, Exhibit I, Exhibit J, Exhibit K, Exhibit L, and Exhibit M. (3) In overruling defendant's objection to the following question, to-wit: 'State whether or not you found from the records that the defendant owns any land in Hughes county.' (4) In overruling the objection of defendant to the following question, to-wit: 'State whether or not that is the same tract of land that you described in this deed that you sent Mr. Faus, defendant.' (5) In rendering his decision in favor of the plaintiff and against the defendant. (6) In refusing to sign the findings of fact presented by the defendant, instead of those presented by the plaintiff and signed by the court. (7) In refusing to sign the conclusions of law presented to him for signature by the defendant. (8) In deciding that the evidence warranted decision in favor of plaintiff, and in deciding that the minds of the parties met so as to form a contract. (9) That the decisions of the court is not sustained by the evidence, first, because there is not sufficient evidence to show that the minds of the parties met so as to form a contract; second, if there was a contract, the same was abrogated by the plaintiff requiring the signature of defendant's wife to the deed. (10) The court erred in signing the findings of fact and conclusions of law presented by and in favor of the plaintiff. (11) The court erred in overruling plaintiff's [defendant's] motion for a new trial."

The first four assignments might be deemed abandoned because not discussed in appellant's brief. However, they present no reversible error. The plaintiff resided in this state; the defendant in Florida. The evidence of the alleged contract consisted of letters and telegrams which passed between the parties. The exhibits mentioned were either letters, copies of letters, or copies of telegrams relating to such contract. Proper foundation was laid for the introduction of copies, and each of the exhibits was relevant.

The statement that the plaintiff found from the records that the defendant owns land in Hughes county was harmless, if not admissible, because the defendant admitted in his answer that he owned the land described in the complaint. The deed referred to in the fourth assignment was in the defendant's possession. There was notice to produce and oral evidence of its contents was entirely proper.

The fifth, sixth, and seventh assignments specify no particular errors occurring at the trial, and present nothing for review. The eight assignment is unavailing because it attempts to question the sufficiency of the evidence without specifying wherein it is insufficient.

The ninth assignment, though imperfectly stated, may be regarded as specifying the particulars in which the evidence is alleged to be insufficient to justify the decision, a question which can be considered only on an appeal which presents for review an order denying a motion for a new trial, and such an order made after judgment, as in this case, can be reviewed only on an appeal from such order. Pierce v. Manning, 2 S. D. 517, 51 N. W. 332; Hawkins v. Hubbard, 2 S. D. 631, 51 N. W. 774; Norwegian Plow Co. v. Bellon, 4 S. D. 384, 57 N. W. 17; Evenson v. Webster, 3 S. D. 382, 53 N. W. 747; Gade v. Collins, 8 S. D. 322, 66 N. W. 466; Sinkling v. Railway Co., 10 S. D. 560, 74 N. W. 1029; Machine Co. v. Skau, 10 S. D. 636, 75 N. W. 199; Bourne v. Johnson, 10 S. D. 36, 71 N. W. 140; Parrish v. Mahany, 10 S. D. 276, 73 N. W. 97; Mettel v. Gales, 12 S. D. 632, 82 N. W. 181; Hughes v. Stearns, 13 S. D. 628, 84 N. W. 196. Under the law as it was prior to 1901 no appeal would lie from a judgment or order until after it had been "entered" as a permanent record of the court below. State v. Lamm, 9 S. D. 418, 69 N. W. 592; Coburn v. Board, 10 S. D. 552, 74 N. W. 1026; Martin v. Smith, 11 S. D. 437, 78 N. W. 1001; Chamberlain v. Hedger, 10 S. D. 290, 73 N. W. 75; Sinkling v. Railway Co., supra; Machine Co. v. Skau, supra; Smith v. Hawley, 11 S. D. 399, 78 N. W. 355; Bank v. Oliver, 11 S. D. 444, 78 N. W. 1002; Neeley v. Roberts, 11 S. D. 634, 80 N. W. 130; Hughes v. Stearns, supra; Mettel v. Gales, supra; Dyea Electric Light Co. v. Easton, 14 S. D. 520, 86 N. W. 23. The sections of the Compiled Laws upon which these decisions were based were in-

corporated into the Revised Code of Civil Procedure of 1903 without·change. Comp. Laws 1887, §§ 5215, 5236; Rev. Code Civ. Proc. §§ 441, 462. The act of 1901, which provided that a judgment shall be complete and effective when rendered by the court, attested by the clerk and filed in his office, and that an order shall become complete and effective as such when made in writing, signed by the court or judge, attested by the clerk, and filed in his office, was also carried into the Revision of 1903. Laws 1901, pp. 267, 268, c. 166, §§ 1, 2; Rev. Code Civ. Proc. §§ 316, 317. By the same act it was made the duty of the clerk, "immediately after the filing of the judgment or order, to attest and record the same in the judgment book." Laws 1901, p. 268, c. 166, § 3; Rev. Code Civ. Proc. § 318. So a signed, attested, and filed order or judgment now may be deemed to be entered, but an order or judgment does not become complete or effective for any purpose until it has been signed, attested, and filed. It affirmatively appears. from the appellant's abstract that the order denying his motion for a new trial was not attested when this appeal was taken. No such order then existed. An appeal cannot lie from an order which does not exist, and, in the absence of an appeal from a complete and effective order, the sufficiency of the evidence to justify the decision cannot be questioned.

If, as must be assumed, there were no errors at law occurring at the trial, and the evidence was sufficient to justify the decision, the court below neither erred in signing the decision presented by and in favor of the plaintiff, nor in overruling defendant's motion for a new trial, as alleged in the tenth and eleventh assignments, and it follows that the judgment appealed from must be affirmed.

FULLER, P. J., took no part in this decision.