## NORTHWESTERN PORT HURON CO. v. ZICKRICK.

Code Civ. Proc. § 316, which is a part of chapter 12, regulating the "trial and judgment in civil actions," and article 10 of that chapter, relating to the "manner of giving, entering and satisfying judgments," provides that a judgment becomes effective when rendered by the court, attested by the clerk, and filed in his office. Section 319, part of the same chapter and article, provides that, unless a party or his attorney shall furnish a judgment roll, the clerk, immediately after filing the judgment, shall attach together and file the papers therein prescribed, which shall constitute the judgment roll. Section 442, part of chapter 16, governing "appeals in civil actions," requires an appeal to be taken within two years after the filing of the judgment roll. **Held,** that an action was pending, so as to authorize the granting of a new trial, notwithstanding more than two years had elapsed since the filing and entering of the judgment, where no judgment roll had been filed, for it is from the latter time that the limitation of two years in which to appeal begins to run.

(Opinion filed, May 24, 1910.)

Appeal from Circuit Court, Miner County. Hon. LORING E. GAFFY, Judge.

Action by the Northwestern Port Huron Company against H. W. Zickrick. Judgment for plaintiff. From an order granting a new trial, plaintiff appeals. Affirmed.

*C. H. Winsor,* for appellant.    *C. C. Caldwell,* for respondent.

SMITH, J. This is an appeal from the circuit court of Miner county. The above action came on for trial at the May term, 1906, of the circuit court, resulting in a verdict for plaintiff, upon which judgment was entered on the 17th day of May, 1906, against the defendant, in the sum of $382.08, which judgment was filed and entered in the office of the clerk of said court on the 18th day of May, 1906. A bill of exceptions was thereafter settled, and a motion for a new trial presented to the court, which motion was granted. Thereafter the plaintiff appealed from the order granting a new trial to this court, which appeal resulted in a reversal of the order. This reversal was on the ground that the bill of exceptions had never been properly settled by the trial court, and, the bill having been stricken from the record in this court, the order granting a new trial, in the absence of a proper bill of exceptions, was deemed error. Thereafter, upon proper proceedings, the defendant was relieved from default in the settlement of the bill of exceptions, and, a bill being thereafter duly settled, a second motion for new trial was presented to the trial court. Upon the hearing of said motion for a new trial, and over the objections of plaintiff, the trial court granted a new trial. The order for a new trial was entered on the 27th day of November, 1908. The plaintiff thereupon appealed, and now assigns as error the order granting a new trial on the 27th day of November, 1908, alleging that, at the time said motion was made and new trial ordered, more than two years had elapsed since the filing and entering of the judgment, and that the action therefore was not pending before the trial court at the time the new trial was granted.

From the record before us it appears "that the clerk of the court in which this action was tried has never attached together the proper papers to form a judgment roll and filed such judgment roll in said action, as required by section 319 of the Code of Civil Pro-

cedure." In the case of Martin et al. v. Smith, 11 S. D. 437, 78 N. W. 1001, this court held: "This court has frequently held that no appeal lies until the judgment or order has been entered as a permanent record of the court below. * * * Defendant's amended abstract shows that the judgment was not perfected by filing the judgment roll when the appeal from the judgment was taken, and plaintiffs contend it was premature, and should be dismissed. What has been said regarding the nunc pro tunc order applies to this branch of the case. If an appeal from a judgment cannot be taken before the judgment is perfected by filing the judgment roll, such an appeal will not lie until the judgment is actually perfected, under the authorities heretofore cited. Comp. Laws, § 5216, reads as follows: 'The appeal to the Supreme Court must be taken within sixty days after written notice of the order shall have been given to the party appealing; every other appeal allowed must be taken within two years after the judgment shall be perfected, by filing the judgment roll.' This language is plain; its meaning unmistakable. As to judgments, it provides a period of two years in which the appeal must be taken. One taken before this period begins is premature; one taken after it expires comes too late. Such period begins when the judgment is perfected by filing the judgment roll; it expires in two years after the date of such filing. The filing of the judgment roll presupposes a previous entry of the judgment and the attaching together of the papers constituting the roll. Comp. Laws, § 5103. Construing all the statutes together relating to the subject of appeals, the conclusion is inevitable that the entry of the judgment and filing of the judgment roll are conditions precedent to the commencement of the period in which an appeal from the judgment can be taken. Such are the plain provisions of the statute. These requirements are reasonable and necessary. There is no judgment until the determination of the action is entered of record, and there is no record which can be transmitted to this court for review until the judgment roll is made up and filed with the clerk."

This case was affirmed in Chamberlain v. Hedger, 10 S. D. 290, 73 N. W. 75, and in other cases as late as Dyea Electric

Light Co. v. Easton et al., 14 S. D. 520, 86 N. W. 23. It will be observed, however, that certain portions of the statute existing when those decisions were handed down were amended and re-enacted by chapter 166, Laws 1901, now incorporated as sections 316, 317, 318, 319, and 320, Code of Civil Procedure of 1903; and unless the changes so made in the statute alter the rule laid down in these cases, they must be held decisive of the question before us. It was held in those cases that a judgment did not become complete and final judgment, from which an appeal would lie to this court, until after the entry of the judgment in the judgment book, and the filing of the judgment roll as required by section 319, and that an appeal would not lie from an order over-ruling a motion for a new trial until after the proper filing and entry of the order. The amended statute, which is section 316 (Code Civ. Proc.) Comp. Laws 1903, reads as follows: "The rendition of a judgment is the judicial act of the court in pro-nouncing the sentence of the law upon the facts in controversy as ascertained by the pleadings and the verdict or decision. It becomes a complete and effective judgment when rendered by the court, attested by the clerk, and filed in his office." A judgment, therefore, in so far as it is affected by that statute, becomes "a complete and effective judgment when rendered by the court or judge, attested by the clerk, and filed in his office," even though the clerk shall disregard the mandate of section 318, which requires him to immediately record the same in the judgment book. But section 319, which requires the making up and filing of the "judgment roll," is re-enacted as it formerly existed, and remains unchanged.

It will be observed that chapter 12 regulates the "trial and judgment in civil actions," and article 10 of that chapter relates to "the manner of giving, entering and satisfying judgments," and that section 316, supra, is a part of article 10 of chapter 12, while section 442 is part of chapter 16, which governs "appeals in civil actions." Section 442 reads as follows: "The appeal to the Supreme Court must be taken within sixty days after written notice of the order shall have been given to the party appealing;

every other appeal allowed must be taken within two years after the judgment shall be perfected, by filing the judgment roll." Section 316 must therefore be construed as a part of the subject-matter of article 10 of chapter 12, which extends merely to "the manner of giving, entering, and satisfying judgments," and under the provisions of that section a judgment becomes complete and effective as to all matters connected with its enforcement, as a lien or otherwise, "when rendered by the court, attested by the clerk, and filed in his office," even though the clerk may fail or neglect to perform the duty of entering it in the judgment book, or the party or clerk shall negelect or fail to make up or file the judgment roll as required by section 319. But chapter 16, Code Civ. Proc., relates to a different subject-matter, and governs the time and manner of prosecuting appeals in civil actions. Section 442 prescribes the period of limitations of appeals, and specifically points out the state of the record which marks the beginning of that period. It is clear that the limitation of two years within which appeals may be taken from judgments does not begin to run until the filing of the judgment roll required by section 319. And it is entirely logical that the filing of the judgment roll, containing as it does the matters required by law for the purposes of review in the appellate court, should make the completion of the record for the purposes of appeal, and that the limitation upon the right of appeal should commence to run from the date of the completion and filing of the record to be used on the appeal. The judgment roll in the case before us never having been made up or filed, the limitation of two years has not expired, and the action was pending in the trial court for all purposes relating to the motion for a new trial, and the trial court had full power and authority to order a new trial of the action.

No other questions are presented upon this appeal. The order granting a new trial is therefore affirmed.

WHITING, P. J., not sitting.