HAYDEN, Appellant, v. CITY OF SISSETON, Respondent.

(171 N. W. 88).

(File No. 4458.   Opinion filed March 12, 1919.)

1.  Appeals—Appeal from Judgment After Time, Effect Re Appellate Jurisdiction—Timely Appeal From Order, Effect.

The appeal from the judgment herein not having been taken until nearly two years after entry thereof, time for appeal had expired, and Supreme Court is without jurisdiction to entertain the appeal. But, appeal from the order denying new trial hav-ing been taken within sixty days after filing thereof, is before the court for consideration.

2.  Appeals—Assignments of Error, Abandonment in Brief, Effect.
        Assignments of error abandoned in appellant's brief, require
    no consideration on appeal.
3.  Same—Assignments of Error, "In Making Finding of Fact," "In
        Rendering Judgment for Defendant as Against Plaintiff," "In
        Not Making Findings Upon All Issues," "In Overruling Motion
        for New Trial," Futility Of—No Reference to Specifications,
        Effect.
        Assignments of error, that court erred in making the finding
    of fact, "reciting the finding," "in rendering judgment in favor
    of defendant as against plaintiff," "in not making findings in
    favor of plaintiff upon all the issues, that plaintiff is entitled to
    recover amount of bonds upon which this action is brought,"
    "in overruling plaintiff's motion for a new trial," are wholly
    insufficient to present any question for review; and are more-
    over futile for failing to refer by number or otherwise to cor-
    responding specifications of error.
4.  Same—Futile Assignment of Error, "In Finding as Matter of Law
        That Defendant is Entitled to Judgment Dismissing Action,
        and for Costs," Futility Of.
        Assuming, without deciding, that an assignment of error
    "that court erred in finding as a matter of law that defendant
    is entitled to judgment dismissing said action upon the merits,
    and for its costs," might be sufficient to present question of
    law whether the judgment is sustained by finding of fact, that
    question cannot be raised on motion for new trial, but only up-
    on appeal from judgment.

Appeal from Circuit Court, Roberts County. HON. THOMAS
L. BOUCK, Judge.

Action by Joseph H. Hayden, against the City of Sisseton, to
recover upon municipal bonds. From a judgment for defendant,
and from an order denying a new trial, plaintiff appeals. Order
affirmed.

*Howard Babcock,* for Appellant.

*E. J. Turner,* and *Batterton & Bunde,* for Respondent.

SMITH, P. J. [1] Appeal from a judgment entered Sept.
12, 1916, and from an order denying a new trial. The appeal
was perfected September 7, 1918. The time for appeal had then
expired, and this court is without jurisdiction to entertain the ap-
peal from the judgment. The appeal from the order overruling
the motion for a new trial was taken within 60 days after the
filing of the order, and is before us for consideration. Port Huron
v. Zickrick, 25 S. D. 475, 127 N. W. 646; Carlberg v. Field, 31
S. D. 209, 140 N. W. 267.

[2, 3] There are ten assignments of error, five of which are abandoned by appellant in his brief, and require no consideration. Three of the remaining assignments are as follows:

"(6) That the court erred in making the fifteenth finding of fact," reciting the finding.

"(8) That the court erred in rendering judgment in favor of the defendants as against the plaintiff.

"(9) That the court erred in not making findings in favor of the plaintiff upon all the issues, that the plaintiff is entitled to recover the amount of bonds upon which this action is brought."

The tenth assignment alleges error in overruling plaintiff's motion for a new trial. None of the four assignments quoted refer, by number or otherwise, to corresponding specifications of error, but aside from this, they are wholly insufficient to present any question for review. Anderson v. Standard Acct. Ins. Co., 36 S. D. 390, 155 N. W. 1; Scanlon v. Rock, 25 S. D. 152, 125 N. W. 638; Stephens v. Faus, 20 S. D. 367, 106 N. W. 56.

These assignments being insufficient to present any ground for a new trial, the motion for a new trial was properly overruled.

[4] The seventh assignment is as follows:

"That the court erred in finding as a matter of law that the defendant is entitled to the judgment of this court dismissing said action upon the merits and for its costs and disbursements."

Assuming without deciding that this assignment of error might be sufficient to present the question of law whether the judgment is sustained by the findings of fact, it is sufficient to observe that this question cannot be raised upon a motion for a new trial, but only upon an appeal from the judgment. The time for appeal from the judgment having expired, the question is not before us for review. In re Roberts Estate, 170 N. W. 580.

The order of the trial court is therefore affirmed.