NEPPER, Appellant, v. WORDEHOFF, Respondent.

(173 N. W. 644).

(File No. 4549.   Opinion filed July 22, 1919).

**Appeals—Error—Appeal Before Order Made, Effect—Motion to Dismiss as One to Strike from Records.**

> Where at time notice of appeal from an order was served no order had been made or entered, such appeal was without statutory authority, as none could be taken prior to entry of such order.   Held, further, that, there being no appeal to dismiss, Supreme Court will treat the motion to dismiss the appeal as one to strike the cause from records of this court.

Appeal from Circuit Court, Gregory County. Hon. WILLIAM WILLIAMSON, Judge.

Action by P. J. Nepper, against Herman Wordehoff.   From an order not made or entered until after notice of appeal, plaintiff appeals.   Motion to dismiss appeal treated as one to strike cause from records, and cause stricken from records.

*N. D. Burch,* and *E. E. Collins,* for Appellant.

*W. J. Hooper,* for Respondent.

Respondent cited:

State ex rel, Morgan v. Lamm, 9 S. D. 418; Greenly v. Hopkins, 7 S. D. 561; Chamberlain v. Hedger, et al, 10 S. D. 290; Martin, et al, v. Smith, et al, 11 S. D. 437.

PER CURIAM.   Respondent moves to dismiss a purported appeal from an order.   At the time the purported notice of appeal was served, no order had been made or entered.   One was made three days after and entered some two weeks after the attempt to perfect an appeal.   No authority is given by statute for the taking of an appeal prior to the entry of the order appealed from.   Therefor the attempted appeal was premature and of no effect.   Martin v. Smith, 11 S. D. 437, 78 N. W. 1001.   There was no appeal; there is nothing to dismiss; but this court will treat the said motion to dismiss as a motion to strike the

cause from the records of this court.   Aldrich v. Public Opinion Pub. Co., 27 S. D. 589, 132 N. W. 278.

The cause should be, and is, stricken from the records of this court.