## SCANLON v. ROCK et al.

A statement that offers of evidence were received over appellant's objections, without stating what the objections were, or the grounds thereof, or whether any exceptions were taken, is insufficient.

In the absence of acknowledgment, or recording or proof of signing, an objection to a deed as immaterial, irrelevant, and incompetent is sufficient.

Since a general objection to evidence is not sufficient, unless it is apparent to the court that the objection cannot be obviated, it will be presumed that there was something on the face of a deed that could not have been obviated and which warranted the trial court in sustaining an objection that it was immaterial, irrelevant, and incompetent, where the facts surrounding the deed or on the face thereof do not appear in the record.

The appellate court will presume, in the absence of error being specifically made to appear, that the findings and judgment of the lower court are regular and valid.

An assignment of error that the court erred in rendering judgment for respondent is insufficient.

(Opinion filed, March 9, 1910.)

Appeal from Circuit Court, Potter County. Hon. LORING E. GAFFY, Judge.

Action by Ellen M. Scanlon against Andrew T. Rock and another. Judgment for plaintiff, and defendants appeal. Affirmed.

D. J. O'Keefe, for appellants.

McCOY, J. The plaintiff, Ellen M. Scanlon, claiming to be the owner in fee of a certain parcel of land situated in Potter county, to substantiate her claim, offered in evidence a patent from the United States to Sabina Rock, and a deed from Sabina Rock to Patrick La Vell, and a judgment, execution, and sheriff's sale and deed to plaintiff in a suit wherein the plaintiff, Ellen M. Scanlon, was also plaintiff, against the said Patrick La Vell. Plaintiff also offered in evidence a deed to the land in question from said Sabina Rock to one Peter Rock, and a deed to said land from said Peter Rock to this plaintiff. Defendants denied plaintiff's ownership, and defendant Andrew T. Rock claimed ownership in himself, through a conveyance from Patrick La Vell to Peter J. La Vell, and from Peter J. La Vell to William Rock, and from William Rock to defendant Michael L. Rock, and a deed from Michael L. Rock to the defendant Andrew T. Rock. Defendants offered in evidence certain deeds and parts of the judgment roll in the said case of Scanlon v. La Vell, to which the plaintiff made objections which were sustained. Findings and judgment were made and entered in favor of plaintiff, and the defendants appeal.

Neither the sufficiency of the evidence nor findings are questioned by appellants. The first nine assignments of appellants allege error to have been made by the trial court in the reception of plaintiff's evidence. The only reference made by appellants to any objections having been made to any of plaintiff's evidence is in the following language: "And all of which said offers were received in evidence over the objections of the defendant duly made." But what the objections themselves were, or what were the grounds thereof, or whether or not any exceptions were taken to such rulings of the court, we are not informed by the record, and therefore cannot consider such assignments of .error. Appellant's tenth assignment of error relates to the ruling of the court in sustaining an objection to defendants' offer in evidence of a deed from Patrick La Vell to Peter J. La Vell. Objection was made to the introduction of this deed by plaintiff on the ground that the same was immaterial, irrelevant, and incompetent, and the court sustained the objection. It nowhere appears from the evidence preserved in the record whether or not this deed was acknowledged or recorded or even signed by any one. This objection alone, in the absence of acknowledgment or recording or proof of signing, was sufficient. It has been frequently held by this court that a general objection to the reception of evidence is not sufficient, unless it is apparent to the court that the objection cannot be obviated. What the facts were surrounding this deed, or on the face thereof, does not appear in the record, and we must therefore presume that there was something on the face of this alleged instrument that could not have been obviated and which warranted the trial court in sustaining the objection.

There is another reason disclosed by the record why the ruling of the court complained of in the tenth assigmnent of error, which will also apply to the eleventh, twelfth, thirteenth, fourteenth, and fifteenth assignments, is not reversible error. It will be observed that plaintiff claims title to the land in question under two claims of title: One from Sabina Rock through a deed to Patrick La Vell and an execution sale and purchase by plaintiff of the La Velle title; the other by deed from Sabina Rock to Peter Rock and from Peter Rock to plaintiff. These deeds are

not set out in the evidence preserved in the record. The dates of these deeds do not appear in the evidence, neither is there anything to show when either was executed or delivered. The appellate court always presumes, in the absence of error being specifically made to appear, that the findings and judgment of the lower court are regular and valid. It is the duty of an appellant to affirmatively point out and show the error complained of, and such that would justify a reversal of the lower court's judgment. In the absence of a showing by evidence preserved in the record, when said deeds were made and delivered it will be presumed that they were executed and delivered prior to the execution of any of the deeds or other papers sought to be introduced by defendants. True it is that in the assignments of error themselves dates are mentioned by defendants' attorneys as being the dates of these deeds; but such dates are not mentioned in the evidence contained in the record.

Appellants by their sixteenth assignment allege that the court erred in rendering judgment for plaintiff; but why, or for what reason, we are not informed.

Finding no error in the record, the judgment of the circuit court is affirmed.