REED, Appellant, v. TODD et al, Respondents.

(166 N. W. 167.)

(File No. 4304.   Opinion filed January 18, 1918.)

1. **Courts—Court Records—Filings, Clerk's Duty re File Marks—Indorsement as Evidence, Whether Part of File.**

While it is the duty of every official who files a record to indorse thereon the usual filing marks, yet, unless made more by statute, such indorsement is but evidence of facts therein stated, and is no part of the filing.

2. **Evidence—Papers Attached Together, Whether a Judgment Roll?—Presumption.**

When papers properly constituting a judgment roll are found in the proper office so attached as to properly constitute a judgment roll, it will be presumed they were so attached for purpose of making up a judgment roll.

3. **Same—Judgment Roll—Papers Attached Together, Presumption re Making Roll "Immediately."**

· When such papers are so found attached together, it will be presumed that clerk complied with Code Civ. Proc., Sec. 319, and made up judgment roll "immediately after filing the judgment."

4. **Same—Judgment Roll, Date of Indorsement, Presumption re Date of Making Up.**

There being an indorsement on ·a judgment forming part of a judgment roll, showing time of filing of judgment, it will be presumed, until the contrary is shown, that judgment roll was made up on such date.

5. **Same—Judgment Roll, Date of Making Up—Separate Filing Marks as Evidence.**

Where it is undisputed that all papers, including the judgment, properly constituting judgment roll, were filed on or before a certain date, being date of filing of judgment, it will be presumed, in absence of contrary proof, that judgment roll was made up on date of filing judgment.

6. **Judgments—Judgment Roll, Making Up of, Whether a Filing?**

Where all papers properly constituting judgment roll, were presumably made such roll on a certain date, it would without further action become a file of the clerk's office.

7. **Same—Judgment Roll—Roll Made by Attorney, Received by Clerk, Whether a Filing.**

Where it clearly appears that papers constituting a judgment roll were made up as such by an attorney in the case, and, as made up, received by clerk and given a place among his office files, such receipt and placing thereof constituted a "filing" of such roll.

8. **Evidence—Judgment Roll, Date of File Marks by Successor Clerk, Evidence of, How Far Conclusive.**

The mere indorsement on judgment roll by successor in office of one who was clerk when judgment was filed, of a statement that roll was filed on a date some two years later, cannot prevail against conclusive proof that roll had been on file months prior to that date.

Appeal from Circuit Court, Edmunds County. Hon. FRANK McNULTY, Judge .

Action by Nancy Reed, against Wilbert A. Todd and others. From a judgment for defendants, plaintiff appeals. Upon motion to dismiss appeal. Appeal dismissed.

*Chas. H. Bartelt,* for Appellant.

*W. F. Mason* and *L. W. Crofoot,* for Respondents.

WHITING, P. J. Motion to dismiss an appeal upon the ground that this court is without jurisdiction, said appeal being from a judgment, and it being claimed that such appeal was

not taken within two years after the judgment was perfected by the filing of the judgment roll as required by section 442, C. C. P. The judgment was entered July 23, 1913, and the notice of the present appeal is dated November 9, 1917. Appellant attempted to take an appeal from this same judgment on July 23, 1915. Such attempted appeal was dismissed by this court. Our opinion is reported in Reed v. Todd, 36 S. D. 215 154 N. W. 447, Reference to such opinion will disclose that, from the statements in the notice of appeal, we found that the judgment had been perfected not later than July 24, 1913; and, basing our holding upon such finding, we held that we had no jurisdiction to allow appellant to cure the defects in her appeal, as to do so would amount to an extension of the two years allowed by section 442 for appeal. Instead of seeking permission to bring before this court further evidence to show that as a matof fact the judgment had not been perfected by the filing of the judgment roll until after July 24, 1913, appellant acquiesced in the holding of this court. After more than two years had elapsed from the dismissal of the former appeal, appellant, claiming that the judgment roll was never filed until November 11, 1915, attempted another appeal.

[1-8] While it is the duty of every official who files a record to indorse the usual filing marks thereon, yet, unless made more by statute, such indorsement is but evidence of the facts therein stated and no part of the filing itself. County Commissioners v. State, 24 Fla. 55, 3 South, 471, 12 Am. St. Rep. 183; Starkweather v. Bell, 12 S. D. 146, 80 N. W. 183. When the papers which properly constitute a judgment roll are found in the proper office so attached as to properly constitute a judgment roll, it will be presumed that the were so attached for the purpose of making up a judgment roll. Furthermore, as held upon the former appeal in this case, it will be presumed that the clerk complied with the provisions of section 319, C. C. P., and made up the judgment roll "immediately after filing the judgment." It follows that, if there is an indorsement upon the judgment forming a part of a judgment roll, which indorsement shows the time of the filing of such judgment, it will be presumed, until there is proof to the contrary, that the judgment roll was made up on the date named in such in-

dorsement. In this case it is undisputed that all the papers, including the judgment, which would properly constitute the judgment roll, were all filed on or before July 24, 1913, the date of the filing of the judgment. Without other proof that the judgment roll was not then made up we would, as on the former appeal, presume it was made up on July 24, 1913, Being so made up, it would without further action become a file of the clerk's office. But we have, upon the present motion, proof that the judgment roll was not made up "immediately after the filing of the judgment," and therefore the presumption that it was so made up is overcome. Such proof does, however, show beyond question that the roll was made up by the attorney for respondents, and, as made up, turned over to the clerk of the trial court before the taking of the former appeal, and therefore much more than two years before the taking of the present appeal. The receiving of this roll by the clerk and giving it a a place among the files of his office was a filing of such roll. State ex. rel. v. Lamm, 9 S. D. 418, 69 N. W. 592. It further appears that, in settling the record on behalf of appellant for the purpose of the prior appeal, the judge, at the request of appellant, made a certificate in which such roll of files was recognized as the judgment roll in this action. The mere indorsement upon this roll, by the successor in office of the party who was clerk in the year 1913, of a statement that it was filed on November 11, 1915, cannot prevail against the conclusive proof that such roll had been on file for months prior to that date.

Inasmuch as the attempted appeal conferred upon this court no jurisdiction except the power to dismiss same and to tax costs upon such dismissal, the appeal is dismissed, with costs against appellant.