SANFORD, Administrator, Appellant, v. KILPATRICK, et al, Respondents.

In Re Sanford Estate.

(172 N. W. 805).

(File No. 4457.   Opinion Filed June 3, 1919).

1.   **Appeals—Time for Appeal, When Expiring Under Old Statute, When Under Amendment.**

Under Code Civ. Proc., Sec. 442, as existing at time judgment roll was filed August 12, 1916, time for appeal expired August 12, 1918, while under said section as amended by Laws 1917, Ch. 201, providing that every other appeal save that from an order must be taken within one year after judgment perfected by filing judgment roll, (act taking effect July 1, 1917), time for appealing expired July 1, 1918, (Union Investment Co., v. Schonebaum, S. D., 167 N. W. 398); and appeal, perfected September 4, 1918, will be dismissed.

2.   Judgment—Judgment Roll, What Constitutes—Date of Filing,
     Whether Date of Judge's Certificate, or Later Filing Mark of
     Clerk, Controls.

   Where trial court on August 12, 1916, signed certificate set-
tling record and certifying that it contained the **judgment roll,**
together with the transcript of evidence and proceedings at the
trial, no other papers having been filed and no other act ap-
pearing to have been done thereafter until February 23, 1918,
when clerk endorsed on back of settled record: "Judgment roll
filed February 13, 1918, (...........................................) clerk,"
**Held,** that Judgment and Judgment Roll were filed not later
than August 12, 1916; that the receiving and binding together
of said papers by the clerk and giving them place among his
office files constituted the filing of judgment roll; the mere en-
dorsement thereon by the clerk of a later dated filing mark,
will not prevail against positive evidence that it had been filed
when so certified.

Appeals from Circuit Court, Brule County.  HON. FRANK B.
SMITH, Judge.

Action by Charles S. Sanford, as administrator of the estate
of James W. Sanford, deceased, against Mabel Kilpatrick and
others, involving an order of the Circuit Court, upon a stipula-
tion relating to the record in the county court of Brule County
concerning the special account of Charles S. Sanford, adminis-
trator of the Estate of James W. Sanford, deceased; appeal hav-
ing been taken from an order of the county court settling said
account, from which latter order Mabel Kilpatrick and other
heirs of said decedent appealed to the circuit court; in which
latter court, upon a stipulation of all parties that said appeals
be consolidated and tried under the title of In Re James W. San-
ford Estate Appeals, and also under the title of the above stated
action, it was adjudged that said administrator return to the
estate a specified sum of money, and adjudging various other
matters involved in said special account, from which judgment
the administrator, plaintiff appeals.  Appeal dismissed.

*T. J. Spangler,* for Appellant.

*E. R. Slifer,* and *Brown & Brown,* for Respondents.

(2)  Under point two of the opinion, Appellant submitted
that:

The papers constituting the judgment roll may have been in
the settled record, and no doubt were; even if attached together

in the record as a judgment roll, the time for taking an appeal would not commence to run until judgment roll was *filed* in clerk's office, and certificate of judge that settled record contains judgment roll is conclusive as to the *filing* of judgment roll. That statute requires judgment roll to be prepared and *filed* in clerk's office, and statute must be complied with before time in which appeal may be taken commences to run; and cited: Code Civ. Pro. Sec. 319; Electric Light Co. vs. Easton, 14 S. D. 520; Martin vs. Smith, 11 S. D. 437.

Respondents submitted that:

Under Laws 1913, Ch. 178, judgment roll includes everything subject to review in appellate court except proceedings that occurred at trial; citing, Schott v. Henkin, 144 N. W. 115, (S. D.).

That when appellant procured his order settling the record he conceded there was in existence such a judgment roll, and that it contained everything subject to such review, except proceedings at trial, which were included in stenographer's transcript; that this certificate was conclusive proof to effect that judgment roll was in existence at that time, and this must prevail against clerk's endorsement that judgment roll was filed February 13, 1918; citing Reed vs. Todd, 166 N. W. 167, (S. D.).

POLLEY, J. The judgment from which this appeal is attempted to be taken was entered on the 23d day of February, 1916. On the 12th day of August, 1916, appellant procured from the trial judge a certificate settling the record and certifying, among other things, that said record contained the judgment roll, together with a transcript of the evidence and the proceedings had at the trial. No other papers were filed in the case, nor does any other act appear to have been done after the record was settled until the 23d day of February, 1918, when the clerk made the following indorsement on the back cover of the settled record: "Judgment roll filed February 13, 1918. ——————, Clerk." The appeal was perfected September 4, 1918. Respondent now moves to dismiss the appeal on the ground that it was not taken within the time fixed by law.

[1, 2] Under section 442, Code of Civil Procedure, as it was at the time the judgment was entered, assuming the judgment roll was on file the 12th day of August, 1916, the day on

which the record was settled, the time for appealing expired on the 12th day of August, 1918, and, under said section as amended by chapter 201, Laws of 1916-17, the time for appealing expired July 1, 1918. Union Investment Co. v. Schonebaum et al., 167 N. W. 398. But it is contended by appellant that the judgment roll was not filed until the 13th day of February, 1918, the day on which the clerk made the indorsement above set out. This identical question was considered by this court in Reed v. Todd, 166 N. W. 167. In this case it is certain that the judgment and all the other papers constituting a part of the judgment roll were on file in the clerk's office not later than the 12th day of August, 1916. It is also certain that they were bound together and incorporated into the settled record as the judgment roll. They were treated by appellant as the judgment roll and so designated by the trial judge. The receiving and binding together of these papers by the clerk and giving them a place among the files of his office constituted a filing of the judgment roll. State ex rel. v. Lamm, 9 S. D. 418, 69 N. W. 592; Reed v. Todd, supra. The mere indorsement on the judgment roll by the clerk that it was filed February 13, 1918, cannot prevail when it appears positively that it had been filed more than a year and a half prior to that time. If the clerk, by indorsing the judgment roll when he did, could extend the time within which an appeal can be taken, he could have waited five or ten, or more years before making the indorsement, and always extend the time for appealing one year from the time of making such indorsement.

The appeal is dismissed.