MURRAY, Respondent, v. STOKKE, et al, Appellants.

(244 N. W. 265.)

(File No. 7425. Opinion filed September 16, 1932.)

*Caldwell & Burns,* of Sioux Falls, for Appellants.
*Parliman & Parliman,* of Sioux Falls, for Respondent.

WARREN, J.· On the 24th day of September, 1931, a hearing was had on a claim filed by plaintiff and respondent at Sioux Falls, S. D., before Hon. D. R. Perkins, industrial commissioner, without a board of arbitration. It appears that the board of arbitration was waived by reason of the fact that none of the parties submitted to the commissioner the names of the proposed members of said board. A full hearing was had before the industrial com-

missioner, and on the 3d day of October, 1931, compensation was awarded to the claimant, Wilmer C. Murray. Notice of the award was given to both parties. On the 6th day of October, 1931, defendants served notice of appeal to the circuit court. The record discloses the fact that no proceedings for review were ever taken or had before the industrial commissioner. On the 4th day of January, 1932, at the conclusion of a hearing before the circuit court, the court denied plaintiff's motion for dismissal and reversed the decision and award of the industrial commissioner appealed from, and remanded the proceedings to the industrial commissioner with directions to make certain specific findings of fact and after making the findings to grant or deny the award.

On the 11th day of January, 1932, further proceedings were had before the industrial commissioner and claimant was again awarded compensation in a fixed sum and costs. Defendants again appealed to the circuit court without first having taken any proceedings for review before the industrial commissioner. The circuit court upon the appeal sustained the decision and award of the industrial commissioner. From the judgment entered by the circuit court on the 31st of March, 1932, affirming the decision, the defendants perfected an appeal to the Supreme Court of this state.

The respondent upon a sufficient showing obtained an order to show cause why an order of this court should not be made dismissing appellants' appeal. Respondent claims that findings of fact, conclusions of law, and award of the industrial commissioner of October 3, 1931, in favor of the claimant and respondent against the defendants and appellants become final and no appeal could be taken therefrom because a claim for review was not filed in accordance with our statutes governing proceedings in such cases, and that the appeal of the defendants made on the 6th day of October, 1931, conferred no jurisdiction upon the circuit court, and that the proceedings had in such matter since the 3d day of October, 1931, are void and of no effect on account of appellants' failure to observe the proceedings for review.

Section 9470 of the 1919 South Dakota Revised Code, as amended by Laws 1925, c. 304, provides for "Appointment of Arbitrators—Waiver": "9470. * * * Provided, that the parties at

interest in the hearing of the case may waive their right to a hearing by the board of arbitration, either by failure to file with the industrial commissioner the appointment of a member of the board of arbitration; or they may waive a hearing by the board of arbitration by stipulation and agreement at the time of such hearing, and the hearing shall proceed before the commissioner or deputy commissioner with the same force and effect as if tried before a board of arbitration."

Section 9471 provides for hearing and decision. The particular portion of said section with which we are concerned reads as follows: "Unless a claim for a review is filed by either party within ten days, the decision shall be enforcible under the provisions of this article."

The proceedings for review before the industrial commissioner are contained in section 9474, and read as follows: "If a claim for review is filed, the industrial commissioner shall hear the parties and may hear evidence in regard to any or all matters pertinent thereto and may revise the decision of the board of arbitration, in whole or in part, or may refer the matter back to the board for further findings of fact, and shall file its decision with the records of the proceedings and notify the parties thereof. No party shall as a matter of right be entitled to a second hearing upon any question of fact."

It will be observed that in case that no arbitrators are appointed or are waived by failure to select, the hearing shall proceed before the commissioner or a deputy commissioner with the same force and effect as if tried before a board of arbitration. The hearing in the instant case was tried before the industrial commissioner, who performed the same duties and acted in the same capacity as a board of arbitration or in a somewhat similar capacity as a trial court acts when a jury is waived, and in this case, in the substitution of the industrial commissioner for the board of arbitration, he performed the duties of that body in hearing and letermining the rights between the claimant and defendants. The industrial commissioner having been substituted and having taken the place of the board of arbitration, and in having made findings, conclusions, and an award in favor of the claimant; unless a claim for review was filed by either party within ten days, the decision became enforceable under the provisions of our law.

Appellants, after being advised of the decision of the trier of facts, either neglected to observe the proceedings for review expressed in section 9474, or felt that an appeal to the circuit court was the proper remedy to pursue in determining the merits of their contentions.

In Wieber v. England, 52 S. D. 72, 216 N. W. 850, 852, in discussing matters after the hearing before the board, this court said: "All proceedings thereafter, either before the industrial commissioner on review or the courts on appeal, must be upon the record so taken and preserved. With the exception of the discretionary power of the industrial commissioner to allow additional evidence on review before him, the trial of issues of fact are confined exclusively to the board of arbitration. The board of arbitration is the trial forum for ascertaining the facts. If any additional evidence is taken before the commissioner on review, it supplements the record already taken. The review is in no sense a trial de novo."

Our attention has been called to section 9489 on appeals, providing that an employer or employee may appeal to the circuit court from an adverse decision or final decision, and to rule 1 of rules in appealing from the industrial commissioner. The reading of the section referred to and rule 1 does not in our opinion permit the appeal to the circuit court without first taking the proceedings for review. As we view it, the proceedings for review are necessary before an appeal may be taken.

The proceedings for review are jurisdictional and the attempted appeal conferred no jurisdiction upon the circuit court.

The proceedings on the appeal from the award entered in October, 1931, and all proceedings subsequent thereto in remanding the matter to the industrial commissioner, are void and of no force and effect.

The circuit court not having acquired jurisdiction upon the first purported appeal, it necessarily follows that all subsequent proceedings and appeals are void.

The respondent's application to dismiss the appeal is allowed.

POLLEY, ROBERTS, and RUDOLPH, JJ., concur.

CAMPBELL, P. J. (concurring specially). Under sections 9471, 9474, and 9475, R. C. 1919, it is contemplated that decision

of a board of arbitration shall be final unless presented to the industrial commissioner for review within ten days. There is no provision for appeal from decision of the arbitrators (as distinguished from review before the commissioner). By section 9470, R. C. 1919, as amended by Laws 1925, c. 304, arbitrators may be waived and the matter heard before the commissioner in the first instance "with the same force and effect as if tried before a board of arbitration." In that case the commissioner acts originally in lieu of the arbitrators and not as a reviewing officer. I think under the statute (whether any good purpose is thereby served or not) his decision in such case must be presented for review before appeal just as would be necessary with the decision of a board of arbitration (of which board the commissioner is always and necessarily a member). Construing the various parts of the statute as a whole (and without regard to the legislative wisdom thereof), I think it must be held that the appeal provisions (section 9489, R. C. 1919; Court Rule 1 Relating to Appeals from Industrial Commissioner) have application only to final orders of the commissioner as a reviewing officer, whether the initiatory decision was by a board of arbitration with the commissioner sitting thereon, or by the commissioner alone in lieu of such board. In either case review is a condition precedent to appeal. I see no reason to endeavor to explain or justify the legislative intent in so providing. On these grounds I concur in the result arrived at by the foregoing opinion.