HAID, Respondent, v. MITCHELL NATIONAL BANK, et al, Appellant.

(247 N. W. 606.)

(File No. 7319. Opinion filed April 6, 1933.)

*Kirby, Kirby & Kirby* and *Louis Crill,* all of Sioux Falls, for Appellants.

*E. E. Wagner,* of Pierre, for Respondent.

PER CURIAM. Respondent Haid filed a claim for compensation for injury alleged to have resulted from an industrial accident. The claim being disputed, a board of arbitration was waived, and the matter was submitted to the industrial commissioner in lieu of a board of arbitration, pursuant to section 9470, Rev. Code 1919, as amended by Laws 1925, c. 304. The commissioner, thus sitting in lieu of a board of arbitration, made findings and conclusions, and entered an order allowing compensation to respondent. No claim for review was filed with the industrial commissioner, pursuant to section 9474, Rev. Code 1919, but an appeal was attempted directly from the order of June 13, 1930. The circuit court entered judgment affirming the award of the industrial commissioner, and appellants undertook to appeal to this court.

■ ■ On the authority of Murray v. Stokke, 60 S. D. 224, 244 N. W. 265, we must hold that the circuit court acquired no jurisdiction by the attempted appeal, and that the order of June 13, 1930, became final and enforceable in ten days, pursuant to section 9471, Rev. Code 1919. The point, being jurisdictional, must govern when it comes to our attention, regardless of the fact that it is not urged by the parties.

The proceure to be here followed was established in the case of Chizek v. Stainocher, 60 S. D. 502, 244 N. W. 895. It will therefore be the judgment of this court that the judgment appealed from be reversed, and the cause remanded to the circuit court, with directions to dismiss the appeal attempted to be taken from the order of the industrial commissioner of June 13, 1930.

RUDOLPH, P. J., and POLLEY, CAMPBELL, ROBERTS, and WARREN, JJ., concur.