JAHNIG, Respondent, v. JAHNIG, et al, Appellants.

(251 N. W. 818.)

(File No. 7428. Opinion filed December 19, 1933.)

For former opinion, see 61 S. D. 205, 247 N. W. 606.

*Kirby, Kirby, & Kirby* and *Louis N. Crill,* all of Sioux Falls, for Appellants.

*Van Slyke & Agor,* of Aberdeen, for Respondent.

PER CURIAM. In the above cause appeal was attempted from an order of the Industrial Commissioner, sitting in lieu of a

board of arbitration. This court (Jahnig v. Jahnig, 61 S. D. 205, 247 N. W. 606, 607) remanded the case to the circuit court, with directions to dismiss the appeal, saying:

"No claim for review was filed with the industrial commissioner, pursuant to section 9474, Rev. Code 1919, but an appeal to the circuit court was attempted directly from the order of July 22. The circuit court entered judgment affirming the order and award of the industrial commissioner.

"On the authority of Murray v. Stokke, 60 S. D. 224, 244 N. W. 265, we must hold that the circuit court acquired no jurisdiction by the attempted appeal, and that the order of July 22, 1931, became final and enforceable in ten days, pursuant to section 9471, Rev. Code 1919. The point, being jurisdictional, must govern when it comes to our attention, regardless of the fact that it was not urged by the parties."

Appellant now moves for rehearing and makes application to amend the record to show that, as a matter of fact, a petition for review, as contemplated by section 9474, Rev. Code 1919, was filed with the Industrial Commissioner prior to the taking of the appeal from the commissioner's original order when sitting in lieu of a board of arbitration. It appears that no action was taken by the Industrial Commissioner on the petition for review and no order entered by him on said petition, or on review. The mere filing of a petition for review without action thereon could not make the commissioner's original order sitting in lieu of a board of arbitration appealable.

The disposition of the matter in our former opinion is therefore correct, that the judgment appealed from be reversed, and the cause remanded, with directions to dismiss the attempted appeal, and the petition for rehearing will therefore be denied. We withdraw, however, the statement in our former opinion that no claim for review was filed and the statement that the original order of the commissioner became final and enforceable in ten days. What the status of the matter will be between the parties or before the commissioner when the mandate of this court has been complied with is not now before us, and we express no opinion thereon.

All the Judges concur.