MOORE, Respondent, v. WHIPKEY, et al, Appellants.

(251 N. W. 803.)

(File No. 7506. Opinion filed December 19, 1933.)

*Caldwell & Burns,* of Sioux Falls, for Appellants.
*Warren & Eggen,* of DeSmet, for Respondent.

CAMPBELL, J.   Plaintiff filed a claim under the Workmen's Compensation Law (Rev. Code 1919, § 9436 et seq.) based on an injury alleged to have been suffered November 26, 1929, and a hearing was had December 15, 1931, before the industrial commissioner sitting in lieu of a board of arbitration.   Section 9470, R. C. 1919.   On December 29, 1931, the industrial commissioner, so sitting, made findings of fact and conclusions of law, and passed thereon, and awarded the claimant a total of $394.   Two days later, defendants filed the following petition for review pursuant to section 9474, R. C. 1919:

"Come now the defendants in the above entitled proceeding and present this, their Petition for Review, and ask that the Finding dated December 29, 1931, and the Award of compensation bear-

ing the same date be opened up and that a review and re-hearing be granted.

"On such review and re-hearing the defendants will desire to introduce new and further testimony that defendants were not able to introduce at the former hearing. Defendants also desire to argue the questions involved as presented by the evidence admitted and to be admitted.

"For the foregoing reasons and in order that full justice be done between the parties, review and re-hearing, are hereby respectfully requested."

Thereafter, and on January 5, 1932, the industrial commissioner made and entered an order as follows:

"Findings of Fact, Conclusions of Law, and Award and Order having been issued by the Industrial Commissioner in'the above entitled action and a Petition for Review and a rehearing including the taking of further testimony having been duly filed herein, the same is hereby denied for the following reasons:

"1. That the original hearing was held before the Industrial Commissioner and a rehearing would be but a new hearing before him.

"2. That there has been nothing shown in the said Petition for Review as a foundation for the taking of new and further testimony; that such would not be other than cumulative and of the same nature as that already taken; or that defendant was deprived of or denied the right to introduce such testimony at the original hearing; that there has been no showing as to what the nature of the proposed testimony is to be.

"3. That under the statute the allowance of new testimony, if such hearing were granted, would be a matter of discretion; that the further arguing of the case as proposed would serve no useful purpose."

Thereafter and on January 6, 1932, defendants made, served, and filed the following notice of appeal to circuit court: "You will please take notice that the defendants in the above entitled action have appealed and do hereby appeal to the Circuit Court of Kingsbury County, South Dakota, from the order of the Industrial Commissioner, dated and filed December 29, 1931, and which order allowed compensation to the above named plaintiff, and from the

order of the Industrial Commissioner, dated and filed January 5, 1932, denying defendants' petition for a review and re-hearing, and from the whole of both of said orders." The matter coming on for hearing in the circuit court, judgment was entered therein affirming the award of the industrial commissioner as made December 29, 1931, from which judgment of the circuit court defendants have now appealed to this court.

■ Appellants urge that under section 9474, R. C. 1919, which reads as follows: "If a claim for review is filed, the industrial commissioner shall hear the parties and may hear evidence in regard to any or all matters pertinent thereto and may revise the decision of the board of arbitration, in whole or in part, or may refer the matter back to the board for further findings of fact, and shall file its decision with the records of the proceedings and notify the parties thereof. No party shall as a matter of right be entitled to a second hearing upon any question of fact"—the right of a party filing a claim for review to be heard by the industrial commissioner is an absolute statutory right, and urge that the commissioner's order of January 5 is erroneous because it was, in substance, nothing more nor less than an order refusing to hear appellants upon their claim for review. We think appellants are correct in their contention that a party filing a claim for review has an absolute right to hearing thereon by the industrial commissioner, whether the original award was made by a board of arbitration or by the industrial commissioner sitting in lieu of a board of arbitration, subject to the qualifications that the statutory right does not extend to a review hearing upon fact questions nor to the introduction of further testimony at the review hearing. See section 9474, R. C. 1919; Wieber v. England (1927) 52 S. D. 72, 216 N. W. 850. But if the commissioner's order of January 5 was simply an order entered by the commissioner announcing his refusal to perform his statutory duty of hearing the parties who had filed a claim for review, although the parties claiming review would doubtless have their proper remedy to compel the industrial commissioner to perform the duty which he was refusing to perform, nevertheless the order would not thereby become appealable under section 9489, R. C. 1919. See Murray v. Stokke, 60 S. D. 224, 244 N. W. 265. It follows, therefore, that, if the order of January 5 be deemed merely an order refusing to exercise the statutory duty

of review, then, upon such state of the record, neither that order nor the original award of December 29 was appealable to the circuit court, and the circuit court never acquired any jurisdiction in the matter, nor would this court have any save to ascertain the lack of jurisdiction and make proper order of remand.

■■ It occurs to us, under the circumstances of this case, however, and particularly in view of the fact that the original hearing was before the industrial committioner sitting in lieu of a board of arbitration whereby the industrial commissioner had already fully heard and decided the matter, that the commissioner's order of January 5, when application for review was made, may be treated, not as an order refusing review, but as an order in substance affirming the decision and award made some seven days previously by the same identical industrial commissioner sitting in lieu of a board of arbitration. Appellants were not entitled as of right to a review upon fact questions nor to introduce further testimony, and, under all the circumstances, we think it is proper to treat this order as an affirmance of the prior award, notwithstanding the fact that appellants were not afforded the opportunity which the statute contemplates they should have of further hearing on legal questions on review before the industrial commissioner. We are particularly impelled so to treat the order of January 5 in this case, because, upon any other theory, appellants are not now in court at all, as above pointed out. Treating the order of January 5 as an affirmance of the original decision and award, then appeal therefrom brings up for review such original decision of December 29, and the order of December 29, having become final by such affirmance, is likewise appealable.

■ Appellants argue that the findings of fact of the commissioner are insufficient to support his decision particularly in two respects: First, that, while it is found that the injury was suffered "in the course of the employment," there is a failure to find affirmatively that such injury was an injury "arising out of" the employment. And, secondly, there is a failure to find that notice of the injury was given to the employer or that such notice was excused, or that the employer had knowledge of the injury. Appellants rely upon the language of Mellquist v. Dakota Printing Co. (1927) 51 S. D. 359, 213 N. W. 947, 949, wherein this court said: "But the same reason which binds this court to

accept the findings of the board of arbitrators and of the industrial commissioner, where there is any substantial, credible evidence tending to establish the findings, requires said board and commissioner, who sit not only as judge but as 'jury, to positively find those facts which are necessary to be found in order to make applicable the Workmen's Compensation Law."

The procedure in workmen's compensation cases before a board of arbitration or the industrial commissioner is intended to be simple, easy of accomplishment, and nontechnical. It is not to be expected that the findings of a board of arbitration or of the industrial commissioner will always be as full, complete, and precise as might be expected or required of a court, and it was not intended by the language above quoted from the Mellquist Case to say that the commissioner must make a precise affirmative finding on every material and relevant fact, regardless of whether or not there was any issue or contention between the parties relating thereto. It is to be noted that in the Mellquist Case the question of whether or not the employer had such knowledge of the injury as would excuse the giving of notice was a disputed issue between the parties on which there might have been support for a finding either way. In the instant case it is entirely plain that the accident, whereby respondent claimed he suffered injury, arose out of and in the course of the employment, and it affirmatively appears, without contradiction or effort at contradiction, that the employer had full knowledge of the accident at the time and of the injury which respondent claimed to have suffered thereby. Under the circumstances of this case, appellants can hardly be deemed serious in now urging the lack of affirmative findings on these points.

■ Appellants urge the insufficiency of the evidence to support the award of compensation, particularly claiming that the evidence is insufficient to show that the injury suffered by respondent, to wit, a hernia, was in fact caused by a fall suffered by respondent when his feet slipped from under him by reason of an icy floor while he was engaged in endeavoring to push the rear end of an automobile around to get it into a stall in the garage of his employer. We do not believe it can be said that the preponderance of the evidence is against the commissioner's findings on this point. The instant case is plainly distinguishable from Frank v. C., M. & St. P. Ry. Co. (1926) 49 S. D. 312, 207 N. W. 89, 91, in this, that

in the instant case there was in fact an "unusual strain or mishap * * * some untoward and unexpected event, * * *" and here the injury was "traceable to a definite time, place and cause," to wit, the sudden and unexpected slip on the icy floor and resulting fall while engaged in the exertion of strong muscular effort in attempting to push the automobile over the floor.

The judgment appealed from is affirmed.

All the Judges concur.