PETERSON, Appellant, v. JOHN MORRELL AND COMPANY, Respondent.

(267 N. W. 227.)

(File No. 7949.   Opinion filed May 26, 1936.)

*John C. Mundt,* of Sioux Falls, for Appellant.

*Parliman & Parliman,* of Sioux Falls, for Respondents.

CAMPBELL, J. ■ Plaintiff-appellant filed a claim against defendant-respondent under the provisions of the Workmen's Compensation Act (Rev. Code 1919, § 9436 et seq., as amended). The matter was heard before the industrial commissioner (a board of arbitration having been waived), who, on May 16, 1935, made findings and conclusions in favor of defendant-respondent and entered an order denying any award to plaintiff-appellant and dismissing the proceeding upon the merits. Within the time allowed by law plaintiff-appellant made application for review, and on May 28, 1935, the industrial commissioner entered his decision and order denying said petition for review, which amounted, in substance, to an affirmance of the previous order. Moore v. Whipkey, 62 S. D. 56, 251 N. W. 803 (1933).

Plaintiff-appellant thereafter appealed to the circuit court from the order of May 16, 1935, making no attempt to appeal to said court from the order of May 28, 1935. The circuit court by its judgment affirmed and sustained the findings and conclusions of the industrial commissioner and his order of May 16, from which circuit court judgment plaintiff-appellant has now appealed to this court.

■ ■ The matter is before us on motion of defendant-respondent to dismiss the appeal on the theory that the order of the industrial commissioner of May 16 was not an appealable order, that the circuit court acquired no jurisdiction by the attempted appeal therefrom, and consequently this court has no jurisdiction of the present appeal other than to determine its invalidity, citing and relying upon Murray v. Stokke, 60 S. D. 224, 244 N. W. 265 (1932); Chizek v. Stainocher, 60 S. D. 502, 244 N.W. 895 (1932); Jonke v. Northern States Power Co., 60 S. D. 620, 245 N. W.

471 (1932), and similar cases. It is true that in the cases cited, and in others (Ackerman v. Winter, 60 S. D. 549, 245 N. W. 57 [1932]; Proehl v. Kirsch, 60 S. D. 627, 245 N. W. 823 [1932]; Haid v. Mitchell Nat. Bank, 61 S. D. 204, 247 N. W. 606 [1933]; Jahnig v. Jahnig, 61 S. D. 205, 247 N. W. 606 [1933]) we announced that the order of the industrial commissioner sitting in lieu of a board of arbitration was not a final and appealable order, but that announcement must be construed in the light of the facts of the cases wherein it was made, to-wit, cases in which there had been no application to the industrial commissioner for a review of said order as contemplated by sections 9471 (as amended by Laws 1921, c. 417, and Laws 1925, c. 305) and 9474, Rev. Code 1919. It is, we think, the contemplation of our law, as we have held in the cases above cited, that there shall be no appeal from an order of the industrial commissioner sitting in lieu of a board of arbitration unless there has been an application to the industrial commissioner for review thereof and action by the industrial commissioner on such application. The mere application to the commissioner for review without any action by him thereon does not render such order appealable. Jahnig v. Jahnig, 62 S. D. 89, 251 N. W. 818 (1933). But, when there has been a timely application for review and the industrial commissioner has denied the review, which amounts in substance to an affirmance of his prior order, we think it may well be said, as in fact we did say in Moore v. Whipkey, 62 S. D. 56, 251 N. W. 803 (1933), under almost identical circumstances, that the original order becomes final by such affirmance and in effect becomes appealable. Undoubtedly in the instant case an appeal from the order of May 28 would bring up for review as an intermediate order the original order of May 16, but we think it would be a highly technical procedural refinement to say that such order could not otherwise be reviewed. Although we adhere to the view of our previous decisions that an order of the industrial commissioner sitting in lieu of a board of arbitration is not, in the first instance, an appealable order, nevertheless we think it becomes an appealable order when an application for review has been made and denied or when on application for review it has been affirmed by the commissioner. We think it then becomes a mere matter of technical nicety of procedure whether the appeal be taken from

the original order which has thus become appealable, from the order affirming or order denying review, which would bring it up as an intermediate order, or from both of such orders, as was done in Moore v. Whipkey, supra. In the instant case we are of the opinion that the circuit court would have acquired an equal measure of jurisdiction in the matter whether plaintiff-appellant appealed (as he did) from the order of May 16, or from the order of May 28, or from both.

It follows, therefore, that the motion to dismiss is denied.

All the Judges concur.