PEMBERTON, Respondent, v. HEYGOOD, Respondent, and THE SOUTH DAKOTA EMPLOYERS PROTECTIVE ASSOCIATION, Appellant.

(270 N. W. 654.)

(Files Nos. 7970 and 7971. Opinion filed December 31, 1936.)

*Howard B. Crandall,* of Rapid City, for Appellant.

*Douglas Bantz,* of Aberdeen, for Respondent Roy V. Heygood.

*George Fletcher,* of Aberdeen, for Respondents Floyd and Rose Pemberton.

PER CURIAM. Respondents Floyd Pemberton and Rose Pemberton brought separate proceedings under the Workmen's Compensation Law (Rev Code 1919, § 9436 et seq., as amended) against their employer and the South Dakota Employers Protective Association, the insurer, to recover compensation for injuries resulting from an accident arising out of and in the course of employment. The Industrial Commissioner found that respondents were entitled to recover against their employer, but denied awards against the insurer. The employer undertook to appeal to the circuit court. From judgments of the circuit court holding that the coverage of the policy included the injuries to the respondents, the insurer appealed to this court. The awards in favor of respondents were made by the Industrial Commissioner on March 18, 1936, and after ten days had expired petitions for review were filed.

The time within which a petition for review may be filed is fixed by the law, and we have held that defendants in compensation proceedings failing to petition for review within ten days after an award have no right of appeal to the circuit court. This provision which limits the time is jurisdictional in its nature. Section 9471, Rev. Code 1919, as amended by Laws 1925, c. 305; Murray v. Stokke, 60 S. D. 224, 244 N. W. 265.

The judgments appealed from are reversed and the causes remanded to the circuit court, with directions to dismiss the appeals attempted to be taken from the orders of the Industrial Commissioner.

All the Judges concur.