THE FEDERAL LAND BANK OF OMAHA, Appellant, v. THE LE MARS MUTUAL INSURANCE COMPANY OF SIOUX FALLS, Respondent.

(272 N. W. 285)

(File No. 8022.   Opinion filed March 29, 1937)

144

*Bielski, Elliott & McQuillen,* of Sioux Falls, for Appellant.
*L. E. Waggoner,* of Sioux Falls, for Respondent.

PER CURIAM. Under the provision of section 3147, Rev. Code 1919, appellant's time to appeal from the judgment herein expired on the 1st day of October, 1936. Late in the evening of that day appellant's attorney living at Sioux Falls mailed to the clerk of courts of Charles Mix county at Lake Andes, S. D., a notice of appeal and bond, together with the clerk's fee. This letter, together with the inclosures, reached the clerk of courts on either the 2d or 3d day of October. Conformable to an agreement had with counsel the clerk marked the papers filed as of October 1st. However, it is conceded that the papers were not in the clerk's office on October 1st, but reached that office either on the 2d or 3d day of October, and after the time for appealing from the judgment had expired. Respondent has moved to dismiss the appeal.

Section 3146, Rev. Code 1919, provides: "An appeal must be taken by serving on the adverse party and filing with the clerk of the court in which the judgment or order appealed from is entered a notice in writing, signed by the appellant or his attorney. * * * The appeal shall be deemed to be taken by the service and filing of the notice of appeal."

We are convinced that the filing of the notice of appeal within the time limit provided by section 3147 is jurisdictional.

Grieves v. Danaher, 60 S. D. 120, 243 N. W. 916; Furman v Anderson, 61 S. D. 378, 249 N. W. 626; Ireland v. Ireland, 62 S. D. 300, 252 N. W. 852. Appellant contends that depositing in the mail on October 1st constituted a filing within the meaning of section 3146. In support of this contention appellant suggests that service of papers on an attorney is considered complete from the time of depositing in the mails. However, the authority for service of papers by mail is found in the statutes, and these statutory provisions govern. Sections 2581 to 2585, Rev. Code 1919. There is no statutory provision regarding filing by mail, and it seems clear to us that the paper is not filed at least until such time as it is in the hands of the officer who is charged with that duty. In this case the notice of appeal was not in the hands of the clerk or in the clerk's office until after the time for appeal had expired. Clearly, any agreement between the clerk and counsel for appellant with regard to the filing of this notice of appeal did not extend the statutory time within which the notice of appeal must be filed. See Sanford v. Kilpatrick, 42 S. D. 32, 172 N. W. 805.

The appeal must be dismissed. It is so ordered.

RUDOLPH, P. J., and POLLEY, ROBERTS, and WARREN, JJ., concur.

SMITH, J., not sitting.