**JOHNSON SERVICE COMPANY,**
Appellant,

v.

**CLIMATE CONTROL CONTRACTORS,**
INC., formerly Meredeith-Evans,
Inc., et al., Appellees.

No. 11898.

Court of Civil Appeals of Texas,
Austin.

March 22, 1972.

**644**

Brundidge, Fountain, Elliott & Churchill, Gary W. Maxfield, Dallas, for appellant.

House, Mercer, House & Brock C. G. House, San Antonio, for appellees.

O'QUINN, Justice.

The sole question in this appeal is whether the notice a subcontractor is required to give the surety under the McGregor Act is given when mailed by the subcontractor or when received by the surety.

Article 5160, Vernon's Ann.Tex.St., often called the McGregor Act, as to notices required for unpaid bills, provides in pertinent part that:

"Such *claimant shall have given* within ninety (90) days after the 10th day of the month next following each month in which the labor was done or performed, in whole or in part, or material was delivered, in whole or in part, for which such claim is made, *written notices of the claim by certified or registered mail, addressed to the prime contractor* at his last known business address, or at his residence, *and to the sure-*

*ty or sureties."* (Emphasis added) Art. 5160, subd. B(a).

Johnson Service Company, appellant, who was the subcontractor, mailed notice of his claim by registered letter on December 8, 1969, which was the 89th day, and the letter was received by the surety, United States Fidelity and Guaranty Company, on December 10, 1969, which was the 91st day.

Both parties moved for summary judgment. The subcontractors' motion was based on the ground that notice was given when mailed as required by the statute, which mailing was within the ninety-day period. The surety moved for partial summary judgment based on its contention that notice required by the statute was not given until received by the surety, which in this case was one day after the end of the ninety-day period.

Johnson Service, as subcontractor under Climate Control, Inc., formerly Meredeith-Evans, Inc., performed under a $12,000 contract from June, 1969, through October, 1969. Claims under the contract were $3,-500 for June and July, which portion was paid, and $6,300 in August and $3,000 in subsequent months. Only the $6,300 for August is in controversy on appeal.

The trial court entered judgment sustaining the subcontractor's motion for judgment as to $3,000 for the period following August, but denying his motion for judgment as to $6,300 for performance in August, on the ground that the claimant "did not give notice within sufficient time." The trial court also granted defendants' motion for partial summary judgment as to the subcontractor's claim of $6,300 for August.

Johnson Service Company as claimant has appealed, contending that notice was given within the statutory ninety-day period and that claimant is entitled to judgment for $6,300 for performance in August. We will reverse judgment of the trial court sustaining appellees' motion for partial summary judgment and denying appellant's motion in part, and will render judgment

sustaining appellant's motion in its entirety, allowing recovery by the subcontract of $6,300 for August work and materials, and denying appellees' motion for partial summary judgment.

Both appellant and appellees concede that the precise issue upon which this case must be decided has not been raised earlier in Texas courts.

■ It is settled that when the Legislature requires the giving of notice, but does not expressly direct the manner of giving notice, the person to be informed must receive actual notice before it will be effective. McClure v. Georgia Casualty Co., 251 S.W. 800, 801 (Tex.Com.App., 1923); Producers' Oil Co. v. Daniels, 112 Tex. 45, 244 S.W. 117, 118 (1922). See also Davis v. Petroleum Casualty Co., 13 S.W.2d 981, 982 (Tex.Civ.App. Waco 1929, no writ); County Board of School Trustees of Young County v. Bullock Common School District, 37 S.W.2d 829, 833 (Tex.Civ.App. Fort Worth 1931, affd. Tex.Com.App., 55 S.W. 2d 538).

■ When the Legislature has directed the manner of giving notice affecting property rights, the statute must be strictly complied with. Realty Trust Company v. Lindsey, 129 Tex. 516, 105 S.W.2d 210, 212 (1937).

■ The general rule has been stated in Corpus Juris Secundum that, "By force of statute or by provision of contract, service may be effective when the notice is properly mailed, regardless of its receipt by the addressee . . ." 66 C.J.S. Notice § 18, p. 664.

American Jurisprudence states, "Where a statute authorizes service of notice by registered mail, it has been held that service is effective when the notice is properly addressed, registered, and mailed . . ." 58 Am.Jur.2d Notice sec. 27, p. 508.

The cases we have examined, following the rule that notice is effective when the registered letter is mailed, were decided by courts of last resort in Colorado, Idaho, Arizona, and North Carolina, and by a United States District Court in Louisiana. We have found no cases, and none has been cited by the parties, in which a contrary rule, under similar facts, was applied.

The Supreme Court of Arizona, in Goodman v. Jones, 102 Ariz. 532, 433 P.2d 980, 983 (1967), recognized the rule which also prevails in Texas that, in the absence of a statute, notice sought to be served by mail is not effective until it comes into the hands of the one sought to be served. The Court stated, however, that "Service by registered mail may be under certain statutes effective when the letter is registered and deposited in the mails, properly addressed with the correct amount of postage."

In Ford v. Genereux, 104 Colo. 17, 87 P.2d 749, 751 (1939), the Supreme Court of Colorado stated, "Where service of notice by registered mail is expressly authorized by statute, as is the situation here, it is generally held that service is effective when the notice is properly addressed, registered and mailed."

The Supreme Court of Idaho followed and cited the Colorado decision in Wasden v. Foell, 63 Idaho 83, 117 P.2d 465, 467 (1941), a case involving notice of tax sale required by statute to be given to property owners by registered mail.

A North Carolina statute requiring that school teachers rejected for reemployment be notified by registered letter prior to close of the current school term was construed in Davis v. Mosely, 230 N.C. 645, 55 S.E.2d 329, 330 (1949). The Supreme Court of North Carolina held that a notice "both mailed and registered" prior to the end of the term, although not received until after the term, was timely and in compliance with the statute.

The notice requirements of the Miller Act (40 U.S.C.A. secs. 270a–270d), a federal statute on the same subject as the McGregor Act (Art. 5160), was construed in United States v. Continental Casualty Co., 245 F.Supp. 871 (E.D.La.). The court ap-

plied the contract analogy in holding that the subcontractor gave notice, and the notice was effective, when sent by registered mail. Notice under the Miller Act ". . . shall be served by mailing the same by registered mail, postage prepaid, in an envelope addressed to the contractor at any place he maintains an office or conducts his business, or his residence, or in any manner in which the United States marshal of the district . . . is authorized by law to serve summons." 40 U.S. C.A. sec. 270b(a).

In Ferrier Brothers v. Brown, 362 S.W. 2d 181, 188 (Tex.Civ.App. Eastland 1962, writ ref. n. r. e.), the court observed that, "The material portions of the Texas Statute, Art. 5160, par. A, has been taken from the Miller Act." We here note the strong similarity also between the notice provision of the Miller Act and the manner of giving notice under Article 5160, par. B(a).

We consider the reasoning of the court in United States v. Continental Casualty Company, *supra*, in construing the Miller Act notice provision applicable to the similar provisions of the McGregor Act, particularly in view of the fact that both statutes are regulatory of the same class of contractual and property rights. There the court concluded that when ". . . service of notice by registered mail is expressly authorized by statute, service is effective when the notice is properly addressed, registered and mailed."

We hold that the subcontractor gave notice on the 89th day of the ninety-day period when notice to the surety was registered and mailed and that the notice then became effective and not when it was received on the 91st day by the surety.

Since both parties moved for summary judgment in the trial court, and the trial court entered judgment affecting both motions in which we find error, we are required to determine all questions presented and render the judgment which the trial court should have rendered. State v. Rope, 419 S.W.2d 890, 899 (Tex.Civ.App. Austin 1967, writ ref. n. r. e.) ; Tobin v. Garcia, 159 Tex. 58, 316 S.W.2d 396, 400 (1958).

We reverse the judgment of the trial court granting the motion of appellees for partial summary judgment and denying in part appellant's motion for recovery of $6,300. We render judgment that appellees' motion be in all things denied, and that appellant's motion be in all things granted.

Judgment of the trial court is reversed and rendered in part and in part affirmed.

Reversed and rendered in part and in part affirmed.