MADSEN, Appellant v.
PREFERRED PAINTING CONTRACTORS, Respondent, and
Iowa Mutual Ins. Co., Insurer and Respondent

(233 N.W.2d 575)

(File No. 11387. Opinion filed September 25, 1975)

Petition for rehearing denied November 3, 1975

Milton Buechler, Lennox, Gary Richter, Zimmer & Richter, Parker, for appellant.

Acie W. Matthews, Willy, Pruitt, Matthews & Jorgensen, Sioux Falls, for respondents.

WOLLMAN, Justice.

This is an appeal from an order of the circuit court dismissing appellant employee's attempted appeal from a decision of the deputy commissioner of labor and management relations denying employee's claim for workmen's compensation benefits. We affirm.

In February of 1972, the deputy commissioner entered findings of fact and conclusions of law and an award in favor of employee in his claim for workmen's compensation benefits arising out of an injury that he had allegedly suffered on October 18, 1967. This decision was appealed by the insurer and employer to the circuit court, which set aside the award and remanded the case to the commissioner for further proceedings. Following the remand, a rehearing was held before the deputy commissioner on August 18, 1972. On October 4, 1972, the deputy commissioner entered findings of fact and conclusions of law and an order denying employee's claim for benefits. Also on October 4, 1972, the deputy commissioner filed affidavits stating that on that date he had served the above described findings of fact, conclusions of law and denial of award, together with notice of decision, on counsel for employee and counsel for employer and insurer by depositing said copies in the United States mail at Pierre, South Dakota, in an envelope with first class, certified mail, postage prepaid, addressed to counsel at their respective mailing addresses. An affidavit sworn to by the deputy commissioner on January 3, 1973, states that the return receipts indicate that these

papers were received by the parties (actually, their respective attorneys) on or about October 11, 1972.

On October 11, 1972, employee's counsel called the deputy commissioner and asked for an extension of time in which to file a petition for review of the deputy commissioner's decision. By letter addressed to employee's counsel dated October 11, 1972, the deputy commissioner stated that:

"This letter is to inform you that you are hereby granted a 10 day extension to file a petition pursuant to SDCL 62-7-16. This means an additional 10 days allowed beyond the normal 10 days allowed by 62-17-16."

On October 30, 1972, employee's counsel served by mail a petition for review of the deputy commissioner's decision of October 4, 1972. On October 31, 1972, counsel for the employer and insurer filed objections to this petition for review on the ground, inter alia, that the petition was not timely filed. On November 7, 1972, the deputy commissioner denied the petition for review and ordered that the decision of October 4, 1972, be the final decision of the commissioner in the matter. Service of this denial of petition for review was made by certified mail on November 7, 1972. On November 15, 1972, counsel for employee served a notice of appeal from the denial of petition for review to the circuit court. Employer and insurer moved to dismiss the appeal. The order granting this motion and dismissing the appeal is the subject of the instant appeal.

SDCL 62-7-16 provides in part that:

"Any party to proceedings before the commissioner may within ten days after service upon him of a decision of the commissioner, as provided in § 62-7-13, file with the commissioner a petition for a review of such decision. * * * Notice of denial of such petition or any other order thereon shall be given as provided in § 62-7-13."[1]

---

1.  Ch. 2, § 93, Laws of 1973, transferred to the department of manpower affairs the functions of the commissioner of labor and management relations under SDCL 62-7.

SDCL 62-7-13 provides in part that:

"* * * The commissioner shall file his decision, together with his findings of fact and conclusions of law and shall serve the same on the parties forthwith by dispatching a copy addressed to each or his attorney by registered or certified mail, postage prepaid."

SDCL 62-7-30 provides that:

"All notices or orders provided for in this chapter may be served personally or by registered or certified mail. When served by registered or certified mail, proof by affidavit thereof must be accompanied by post-office return receipt. When, however, any party is represented by an attorney, such service must be made on such attorney, and may be made either in the manner provided in this section, or in the manner provided by § 15-6-5."

SDCL 62-7-19 provides that: "Any employer or employee may appeal to the circuit court from any final order or decision of the industrial commissioner which arises under the provisions of this title. * * *" At all times material to this action, SDCL 62-7-24 provided that such an appeal had to be taken within twenty days after the filing in the office of the commissioner of proof of service of written notice of the order or decision from which the appeal was sought.[2]

SDCL 15-6-5(b) provides in part that "* * * Service by mail shall be by first class mail and is complete upon mailing." SDCL 15-6-6(e) provides that if notice is served by mail, three days shall be added to the prescribed period within which a party has the right or is required to do some act or take some proceedings after the service of a notice upon him.

Employer and insurer contend that service of the deputy commissioner's decision of October 4, 1972, was complete when the deputy commissioner mailed a copy of the decision,

---

2. SDCL 62-7-20 to 62-7-29 were repealed by Ch. 313, § 2, Laws of 1973. Appeals to circuit court from decisions of the department of manpower affairs are now governed by SDCL 1-26. See SDCL 62-7-19, as amended by Ch. 313, § 1, Laws of 1973. See also Ch. 17, §§ 12 and 13, Laws of 1975.

together with the notice of decision and related papers, upon employee's counsel on that date; consequently, the ten day period within which employee could file a petition for review of that decision ended on October 17, 1972, and thus even if the deputy commissioner's purported ten day extension of that period was valid, that extension ended on October 27, 1972. Therefore, because employee did not file his petition for review of the decision of October 4, 1972, until October 31, 1972, the petition was not timely filed and thus the decision of October 4, 1972 became the final decision of the commissioner, from which an appeal to circuit court would have had to be taken within twenty days of the filing in the office of the commissioner of proof of service of written notice of the decision. SDCL 62-7-24.

■ We agree with the employer and insurer that service of the decision of October 4, 1972, was complete when the deputy commissioner mailed a copy of the decision, together with the notice of decision and accompanying papers, to employee's counsel on October 4, 1974. SDCL 15-6-5(b) unequivocally states that service by mail is complete upon mailing. The fact that the deputy commissioner utilized certified mail rather than merely first-class mail does not seem to be material. Although employee contends that the requirement imposed by SDCL 62-7-30 that registered or certified mail be used implies that service is not complete until notice is actually received by the addressee, the rule seems to be that where a statute authorizes service of notice by registered mail, service is effective when the notice is properly addressed, registered, and mailed. *Johnson Service Co. v. Climate Control Contractors, Inc.*, Tex.Civ.App., 478 S.W.2d 643; 58 Am.Jur.2d, Notice, § 27.

Although our holding that the ten day period within which employee could have petitioned for review of the decision of October 4, 1972, expired on October 17, 1972, makes it unnecessary for us to decide whether the deputy commissioner's purported ten day extension of that period was valid, inasmuch as the extension expired on October 27, 1972, which was prior to the time that the petition for review was actually filed, we note in passing that this court has held that a provision limiting the time for petition for review in workmen's compensation proceedings is jurisdictional in nature. *Pemberton v. South Dakota*

*Employers Protective Assoc.,* 65 S.D. 62, 270 N.W. 654; *Murray v. Stokke,* 60 S.D. 224, 244 N.W. 265. Cf. *Weins v. Weins,* 70 S.D. 620, 20 N.W.2d 228; *Federal Land Bank of Omaha v. Le Mars Mutual Ins. Co.,* 65 S.D. 143, 272 N.W. 285. Counsel for employee has not directed our attention to any authority that would support his contention that the deputy commissioner was vested with authority to extend the ten day period provided by SDCL 62-7-16.

■ Because employee's petition for review of the deputy commissioner's decision of October 4, 1972, was not timely filed, that decision became final for purposes of appeal and therefore the trial court correctly held that employee's appeal must be dismissed because not timely filed.

The order appealed from is affirmed.

DUNN, C. J., and WINANS and COLER, JJ., concur.

DOYLE, J., dissents.

DOYLE, Justice (dissenting).

I do not agree with the majority opinion that the time within which to appeal in this case is governed by SDCL 15-6-5. Under the provisions of the Workmen's Compensation Act, service of notices and other instruments is governed by SDCL 62-7-30 which reads:

> "All notices or orders provided for in this chapter may be served personally or by registered or certified mail. When served by registered or certified mail, proof by affidavit thereof must be accompanied by post-office return receipt. When, however, any party is represented by an attorney, such service must be made on such attorney, and may be made either in the manner provided in this section, or in the manner provided by § 15-6-5."

In my view, the statute must be construed as being in two parts. Part 1 provides for service upon a claimant or upon his attorney, if he be so represented, either by registered or certified mail, with postal return receipt requested. Under this part, proof of such

service is made by affidavit showing the date of such mailing, with the United States mail receipt showing the actual date of receipt of such instrument. Thus under this part of the statute, it is readily apparent when the claimant or his representative actually receives the instrument. Part 2 of the statute is limited to service on a claimant's attorney and permits service either by registered or certified mail or by SDCL 15-6-5, that is, by ordinary first-class mail.

The determination as to which method of service is to be used, when a claimant is represented by an attorney, is left to the discretion of the commissioner under SDCL 62-7-30. In this case the commissioner made service by certified mail, return receipt requested; executed an affidavit of mailing showing the notice was mailed at Pierre, South Dakota, on October 4th, and attached thereto the return receipt of the United States mail service showing receipt of such notice by the claimant's attorney on October 11th. In my view, the time of service of such notice on the claimant's attorney was the date of its actual receipt on October 11th, as indicated by the post-office record attached to the affidavit of service, and not the date computed under the Rules of Civil Procedure. I am further convinced that the commissioner, being an attorney as required by SDCL 62-7-12.1, knowingly and intentionally elected to make service under part 1 of SDCL 62-7-30 when he used the affidavit as proof of service, attaching the postal receipts as required by that portion of the statute, rather than using a certificate of service, which would normally be used under SDCL 15-6-5.

Moreover, as is required in SDCL 62-7-30, the commissioner frequently sends notices, under the statute, to parties not represented by attorneys. This service must be done under part 1 of SDCL 62-7-30. What method is such claimant to use in the computation of time when, in all likelihood, he is unaware of the provisions of SDCL 15-6-5? To me, logic dictates that the time of receipt of registered or certified mail would be the date upon which to commence the running of time when service is made in that manner.

I might add that it seems incredible that it took seven days for the United States mail service to transport a letter from

Pierre, South Dakota to Lennox, South Dakota. In the light of such mail service, it is not beyond the realm of possibility that the notice could be delivered after the time for appeal had expired under the holding of the majority opinion.

I cannot agree with the arbitrary rule laid down in the majority opinion that the time of service starts three days after mailing of the notice regardless of when the claimant or his attorney actually receives the notice. This technicality is not mandatory under the Workmen's Compensation Act since there is an alternative procedure which meets with the spirit of the Act.

In view of the position taken in the majority opinion, the question of whether or not the commissioner has the authority to extend the time within which to appeal can be relegated to another day.