Anthony Papale, Administrator (Estate of Frederick A. Papale) *v.* John R. Fay, Commissioner on Claims

Superior Court     Judicial District of     File No. 112540
New Haven

Memorandum filed April 25, 1980

*Joseph R. Patrucco,* for the plaintiff.

*Carl R. Ajello,* attorney general, and *Richard H. Lynch,* assistant attorney general, for the defendant.

David H. Jacobs, State Referee. The facts as they appear in the "submission of the record," filed on August 22, 1977, and certified to the court, are as follows: Frederick A. Papale, a thirteen-year-old retarded child, was admitted to the Hartford Regional Center on January 31, 1967, and, while in the custody and control of the state, drowned on July 14, 1973. The notice of claim was mailed to the commissioner on claims (hereinafter the commissioner) by certified mail on July 10, 1974. Proof of delivery of service was made by return receipt dated July 12, 1974. The notice of claim was received by the commissioner on July 15, 1974—three days after it was delivered to his office. No explanation has been offered and none has been advanced to justify the three-day gap between the date of its receipt, July 12, 1974, and the date stamped on the notice, July 15, 1974.

The state, acting by an assistant attorney general, filed a motion to dismiss on the ground that "[t]he claim was not filed within the time prescribed by statute." The commissioner confined his ruling solely to that ground. The court will consider only whether that ruling can be sustained as a matter of law.

The commissioner dismissed the claim for want of jurisdiction, relying on the provisions of General Statutes § 4-148 which is captioned: "Limitation on presentation of claim." Section 4-148 (a) provides: "No claim shall be presented under this chapter [chapter 53] but within one year after it accrues. Claims for injury to person or damage to property shall be deemed to accrue on the date when the damage or injury is sustained or discovered or in the exercise of reasonable care should have been discovered, provided no claim shall be presented more than three years from the date of the act or event complained of."

The word "within" has been judicially defined by the Supreme Court. "The meaning of 'within' is ' "not longer in time than"; Webster's New International Dictionary (2d Ed.) ; "not later than." 69 C.J. 1315; 45 Words & Phrases (Perm. Ed.), p. 378. The word "within" is almost universally used as a word of limitation, unless there are other controlling words in the context showing a different meaning was intended.' " *Schwarzschild* v. *Binsse,* 170 Conn. 212, 217.

The court next considers § 4-150 of the General Statutes. That section, entitled "Service on or delivery to commissioner of subpoenas and papers," provides: "(a) Any subpoena or *other paper* required to be served upon or delivered to the claims commissioner or to any person or official may be served or delivered in person or by certified mail.

Service or delivery by certified mail shall be deemed complete upon the certification and deposit of such subpoena *or paper* at a United States post office. Proof of deposit and the return receipt shall be sufficient proof of service or delivery." (Emphasis added.) But that is not all. Under § 4-150 (b), "[a]ny such service or delivery required between the claims commissioner and any state agency or any state officer or employee may be made through the interdepartmental mailing system of the state, provided reasonable means are taken to ascertain that the subpoena *or paper* was received by the addressee." (Emphasis added.)

With respect to § 4-150, the commissioner said: "It would appear that had the legislature intended that the notice of claim should be included in § 4-150, it would have been a very simple matter to have included, for example, the following words: '(a). Any subpoena, or other paper *including a notice of claim* . . . .' "

Of course, it is black letter law that only the legislative branch of the government enacts the statutory laws of the state. It is the duty both of the court and of the commissioner to interpret the statutes as written, not as the legislature might have written them.

"Where the law prescribes written notice as a method of giving information, no doubt the *receipt* of a letter containing the information would be conclusive proof of knowledge for the purpose of the case. Whether, as a matter of fact, the recipient had read or could read the letter would make no difference, because the sender had fully complied with the direction of the law." (Emphasis added.) 58 Am. Jur. 2d, Notice § 28; see *Madsen* v. *Preferred Painting Contractors,* 89 S.D. 397, 400–401; *Johnson Service Co.* v. *Climate Control Contractors, Inc.,*

478 S.W.2d 643 (Tex. Civ. App.); 66 C.J.S., Notice § 18. Judge O'Quinn, writing the opinion for the court in the *Johnson Service* case, said (p. 645): "The cases we have examined, following the rule that notice is effective when the registered letter is mailed, were decided by courts of last resort in Colorado, Idaho, Arizona, and North Carolina, and by a United States District Court in Louisiana. We have found no cases, and none has been cited by the parties, in which a contrary rule, under similar facts, was applied."

The court finds that the deficiencies, if any, are attributable to the interdepartmental mailing system, not to the claimant. Under § 4-150 of the General Statutes, the claim was clearly completed on July 12, 1974, and therefore falls within the statute of limitations.

The commissioner ruled that § 4-150 is not applicable because the statute applies to subpoenas or other papers only, and does not include a notice of claim.

The court recognizes the limited scope of review as set forth in *Hirschfeld* v. *Commissioner on Claims,* 172 Conn. 603, where the court said (p. 607): "Even 'unreviewable' decisions of administrative bodies may be reviewed to determine whether the body has performed its statutory duty, has acted in excess of its delegated powers, or contrary to a specific legislative prohibition. . . . It is preferable to restrict the scope of review rather than to bar it altogether." Under § 4-183 (g) of the Uniform Administrative Procedure Act, the court is empowered to review the decision of an agency where that agency has made a decision "upon unlawful procedure." As Mr. Justice Frankfurter said in *Vitarelli* v. *Seaton,* 359 U.S. 535, 546–47: "An executive agency must be rigorously held to the standards by

which it professes its action to be judged. . . . This judicially evolved rule of administrative law is now firmly established and, if I may add, rightly so. He that takes the procedural sword shall perish with that sword."

The word "paper" was not defined by the commissioner. Webster defines the word "paper" as: "2a: a piece of paper containing a written or printed statement . . . Document, Instrument . . . b: any piece of paper containing writing or print (as a letter or memorandum)." Webster, Third New International Dictionary. The word "paper" is also defined as: "A sheet, leaf, or piece of paper, bearing writing; a *document,* written or printed on paper, as a note, bill *or other legal instrument;* in *pl.* written notes, *memoranda,* letters, *official documents,* etc." (Emphasis added.) 2 Oxford English Dictionary (1971 Ed.); see 31 Words & Phrases (Perm. Ed.), p. 51.

The commissioner on claims was in error in dismissing the claim on jurisdictional grounds. For the reasons stated herein, the appeal is sustained as to the defendant's first ground of the motion to dismiss.

The case is hereby remanded to the commissioner on claims to consider and rule upon the defendant's second ground of the motion to dismiss.